*—: —: estoppel.*

---

REYNOLDS' APPEAL.

Kansas City Court of Appeals, May 3, 1897.

1. **Guardian and Curator**: RULE OF CARE: APPELLATE PRACTICE. A curator is bound to be as diligent in the management of his ward's estate as prudent men are in their own affairs; and in reviewing the action of the trial court on the evidence as to the care and diligence of the curator the appellate court will defer largely to the finding of the trial court and not interfere unless satisfied of error.

2. **Appellate Practice**: APPOINTMENT OF SUCCESSOR OF CURATOR: OBJECTION TOO LATE. Although there is no formal proof of the appointment of the successor to a curator, such objection comes too late for the first time in the appellate court.

3. **Guardian and Curator**: LIABILITY: GROSS NEGLIGENCE. To make a curator liable for money or property he never actually received, it is not necessary to show gross negligence.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*J. E. Ball, M. M. Bogie,* and *J. L. Farris, Jr.,* for appellant.

(1) In controversies of the character here presented, the rule applicable to appeals in equitable cases will govern, and the court will review the evidence, and will make their finding as to the facts. *In re Estate of Meeks,* 45 Mo. App. 186; *Finley v. Schlueter,* 54 Mo. App. 455. (2) The record in this case does not show that G. B. Spurlock was ever appointed curator of said minor, Lewis Boggess, and in the absence of an appointment as curator he had no authority to file the exceptions or object in any manner to the final settlement filed in this cause. It was necessary for respondent to establish said fact, in order to entitle him to recover or to give the court jurisdiction of the cause. (3) In the care and management of the estate of a minor, a guardian is only bound to employ such diligence and prudence as in general prudent men of discretion and intelligence in such matters employ in their own like affairs, and unless the evidence discloses gross negligence on the part of the guardian he is not liable for more than he actually receives. *Taylor v. Hite,* 61 Mo. 142, 144; *Finley v. Schlueter, supra.*

*Lavelock & Kirkpatrick* and *F. P. Divelbiss* for respondent.

(1) The burden of proof is on the appellant to show that he has accounted for all money and prop-

erty of his ward's coming into his hands, and he must also satisfy the court that his credits are correct. R. S. 1889, secs. 47, 48; *Koch v. Roeper*, 87 Mo. 57; *Emmons v. Gordon*, 125 Mo. 644; *In re Glover and Shepley Est.*, 127 Mo. 158. (2) The appellant is chargeable with interest on his ward's money if he uses it, or if he fails to comply with section 5318, Revised Statutes, or if not collected by reason of his negligence. 2 R. S. 1889, sec. 5318; *Taylor v. Hite*, 61 Mo. *loc. cit.* 147; *Cruce v. Cruce*, 81 Mo. 676; *Bobb v. Bobb*, 89 Mo. *loc. cit.* 421; *In re Assignment of Murdock*, 129 Mo. *loc. cit.* 499; *Dunscomb v. Dunscomb*, 1 John Ch. 508; 7 Am. Dec. 504; *Say v. Barnes*, 4 S. & R. 112; 8 Am. Dec. 679. (3) If the settlements of appellant do not show the ward's real estate has yielded a fair and reasonable rental, it then devolves upon the appellant to prove to the satisfaction of the court that he has used proper discretion, prudence and diligence in renting the real estate and collecting the rents, and in the absence of such showing, he is chargeable with the reasonable rental value thereof. *Taylor v. Hite*, 61 Mo. 142; *Cruce v. Cruce, supra; Finley v. Schlueter*, 54 Mo. App. 455. (4) It is true the rule governing appellate practice in equitable cases applies to this controversy, and that this court will review the evidence, but on the questions of fact involving the credibility of witnesses, it will accept the finding of the trial court unless it is entirely satisfied such finding is against the weight of the evidence. *Cox v. Esteb*, 68 Mo. 114; *Bank v. Murray*, 88 Mo. 196; *Mathias v. O'Neill*, 94 Mo. 520; *Taylor v. Cayce*, 97 Mo. 249; *Benne v. Schnecko*, 100 Mo. 258; *Robertson v. Reed*, 38 Mo. App. *loc. cit.* 36; *Clark v. Bank*, 57 Mo. App. 287; *Bank v. Koeln*, 60 Mo. App. 79.

ELLISON, J.—Appellant, W. E. Reynolds, was the curator of the estate of Lewis Boggess. He filed his

STATEMENT.        final or outgoing settlement to which objection was made by respondent, G. B. Spurlock, who was his successor as such curator. The objections were, in the main, held to be well taken by the probate court and by the circuit court on appeal, and appellant has brought the case here. The settlement was admitted to be correct except in regard to amounts in the items of rent accounted for, and the amounts of the items of interest accounted for. And an item of $53.50 as also two items for services of curator $50 and of his attorney $15. The sum found due the estate of the ward by Reynolds was $1,343.40, a difference in favor of the ward over the settlement as presented by Reynolds of $383.91. After an examination of this record we find that we must affirm the judgment. The matter of difference between the parties largely concerns rents received from two tracts of land, one inherited by the minor from his father and the other from his mother.

The rule of law governing curators is well understood. It is expressed by the supreme court in *Taylor v. Hite,* 61 Mo. 142, to the effect that the curator is bound to be as diligent and prudent

GUARDIAN and curator: rule of care: appellate practice.        in the care and management of the estate as prudent men of discretion and intelligence employ in their own affairs. Whether the amount of rent received was the proper amount which should have been obtained; whether it was so far below the amount which should have been received as to indicate a want of proper diligence on the part of Reynolds, was a question depending on the evidence. Indeed, substantially, the whole case presented is a mere matter of evidence and the weight to be attached

to the evidence.   It is true this action is of a nature to permit this court to examine and pass upon the evidence as an original question, but it is the practice of the appellate courts to defer largely to the finding of the trial court and not to interfere with the result arrived at by the trial court unless fully satisfied that such court erred in its finding and judgments. *Clark v. Bank*, 57 Mo. App. 387; *Taylor v. Cayce*, 97 Mo. 249; *Mathias v. O'Niell*, 94 Mo. 529; *Bank v. Murray*, 88 Mo. 196.

Appellant makes the point here that respondent was appointed as his successor in the curatorship. There is no formal proof of that matter but no question was made of the matter in the trial court and it is too late to raise it now. The case must be tried here as it was laid out in the court below.

APPELLATE practice: appointment of successive curator: objection too late.

The further point is made by appellant that it was necessary to show gross neglect on the part of the curator in order to make him liable for more than he actually received (*Taylor v. Hite, supra*), but that was a question which was to be decided by the evidence and as before stated we defer to the trial court on the point.  We are satisfied from the whole record that the judgment should be affirmed.  All concur.

GUARDIAN and curator: liability: gross negligence.