*In re* GRAMMEL'S ESTATE.

GUARDIAN AND WARD—INVESTING FUNDS—FAILING BANK—NEGLIGENCE.

The fact that a guardian, instead of loaning his ward's money on real estate, deposited it at interest in a savings bank, and permitted it to remain there for more than six months, when the bank became insolvent, is not conclusive, as a matter of law, that he was negligent, so as to charge him with the loss of the fund, where there is evidence that the bank was thought to be stable, and that the guardian had good reasons for not investing elsewhere.

Error to Ingham; Wisner, J., presiding. Submitted May 3, 1899. Decided June 28, 1899.

The probate court of Ingham county disallowed certain items in the final account of Frederick Schneider, as guardian of Rudolph and Louise J. Grammel, minor heirs of George Grammel, deceased, and the guardian appealed to the circuit court, where the order settling the account was set aside. Rudolph and Louise J. Grammel bring error. Affirmed.

*Kilbourne & Harris,* for appellants.

*Russell C. Ostrander,* for appellee.

*Sidney T. Miller, amicus curiæ.*

HOOKER, J.   On July 25, 1892, George Grammel died intestate, leaving a widow and five children, of whom the appellants were two. Prior to October, 1892, the appellee was appointed guardian for them; and among other property was two-thirds of the proceeds of a life-insurance policy for $5,000. It was received about October 7, 1892. He deposited this sum in the Central Michigan Savings Bank, a banking institution organized under the law of this State, and took a certificate bearing interest at 4 per cent., upon the condition that the deposit be continued three months or more. The bank failed and closed its doors on April 18, 1893, and has not fully paid its depositors. Upon a final accounting, the guardian claimed credit for the deposit, and charged himself with dividends received.   The probate court refused to allow this claim. In the circuit court this decision was reversed, and he was given credit for the amount, and allowed the statutory commission, amounting to $120, and the statutory per diem of $1 for 175 days. The wards have appealed, alleging that the court erred in allowing the guardian credit for the amount lost through the failure of the bank.

The only question that we may consider is whether we should say that upon this record it conclusively appears

that the guardian was negligent in depositing or leaving the money in this bank for so long a period. We agree with counsel for the appellants that a guardian is required to use care and diligence in handling the property of his ward, but we cannot say that he may not deposit it in banks that have good standing, and of whose stability he is honestly confident. Under some circumstances, he would be negligent if he did not. See *Woodruff* v. *Snedecor*, 68 Ala. 437. The length of time that he should permit a fund to lie in a bank must depend upon circumstances, and these circumstances may be as variable as the exigencies of the situation may be variable. Ordinarily it is the duty of guardians to invest funds with a view to their safety and increase. In so doing they are bound to the observance of fidelity, and such diligence as men of ordinary intelligence observe in managing affairs of their own. Woerner, Guardianship, 197. In the language of Lord Hardwicke in *Knight* v. *Earl of Plymouth*, 1 Dickens, 120, "if there is no *mala fides*, nothing willful in the conduct of the trustee, the court will always favor him." Counsel strenuously insist that the guardian should not have left this fund in the bank, where it drew but 4 per cent. interest, when, as they contend, it could have been loaned for more. The implied argument is that, if he had done his duty, the money would have been loaned upon real estate, and consequently would not have been in the bank at the time of the failure. In *Post's Estate*, Myr. Prob. 230, it was held that a guardian is not responsible for the loss of funds occurring by reason of the failure of a bank in which he had deposited the ward's funds, unless by the exercise of reasonable diligence and prudence he might have known it to be in an unsafe condition. See, also, 1 Perry, Trusts, § 443; 2 Beach, Trusts, §§ 492, 499; *In re Hunt*, 141 Mass. 515. There are cases which indicate that deposits with bankers are permissible only for temporary purposes. See *Moyle* v. *Moyle*, 2 Russ. & M. 710; *Johnson* v. *Newton*, 11 Hare, 160; *Darke* v. *Martyn*, 1 Beav. 525.

But, if we adhere to that doctrine, it is nevertheless true that the length of time that a fund may prudently be left with a banker depends upon the condition and reputation of the bank, and the duty of the trustee as to investing the fund.   In this case there was evidence tending to show a sufficient reason for not investing it elsewhere, and raising a question of fact as to his negligence.   This was passed upon by the circuit judge, and it is not our province to review his decision upon the facts.   We cannot say that they conclusively show negligence, and therefore affirm the order of the circuit court.

The other Justices concurred.