WILLIAM A. TAYLOR, Appellant, v. EDGAR J. KELLOGG, Guardian, Etc., Respondent.

Kansas City Court of Appeals, November 23, 1903.

GUARDIAN AND CURATOR: Collection of Rent: Evidence. A curator is bound to exercise the same measure of prudence in the care and management of his ward's estate and in collecting his rents that a prudent and diligent man would in his own business, and on the evidence in this case the guardian is adjudged derelict in duty.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED AND REMANDED.

*H. B. Williams* for appellant.

(1) Because Bob Taylor, the tenant, to whom the guardian and curator, E. J. Kellogg, leased the twenty acres for the year 1899, was and is insolvent will not excuse defendant for not collecting said rent, because the law is that every landlord has a lien upon the crops grown on the demised premises in any year for the rent that shall accrue for such year, and such lien shall continue for eight months after such rent shall become due and payable. R. S. 1899, sec. 4115. (2) And the crop so grown was not exempt. R. S. 1899, sec. 4129. The landlord had a remedy by attachment. R. S. 1899. sec.

4123; Paul v. Smith, 41 Mo. App. 275; Whittlesey v. Hughes, 39 Mo. 13; Bales v. Perry, 51 Mo. 449; Booker v. Armstrong, 93 Mo. 49; Oldham & Broaddus v. Premble, 15 Mo. 228, same rule applies to guardians; Merritt v. Merritt, 62 Mo. 157; Meyers v. Meyers, 98 Mo. 268; State to use v. Richardson, 29 Mo. App. 604.

*John W. Stokes* for respondent.

No briefs filed.

SMITH, P. J.—The defendant, who was the plaintiff's guardian and curator, filed his final settlement with with the probate court, and the plaintiff thereupon appeared and objected thereto on the ground that the defendant had failed to charge himself in such settlement and accounting with the rent of twenty acres of land belonging to plaintiff for the year 1899. In the circuit court where the matter was taken by appeal the plaintiff's objections were disregarded and judgment given accordingly. The plaintiff appealed.

It was conceded at the trial that the defendant rented the twenty-acre piece of land for the year 1899 to one Bob Taylor, the latter agreeing to pay as rent two-fifths of the corn crop grown that year thereon. It is not disputed but that the defendant's part of the corn so raised was something like 280 bushels. It does not appear that defendant received any part of this corn or what became of it. There is some evidence tending to prove that the tenant made way with it. The defendant admitted at the trial that he had made no effort to collect the rent.

The law is well settled in this State to the effect that a curator is bound to exercise the same measure of prudence and diligence in the care and management of his ward's estate that a prudent and diligent man would exercise in the care and management of his own business. Taylor v. Hite, 61 Mo. 142; In re Hutton's Es-

tate, 92 Mo. App. 132; State ex rel. v. Elliott, 82 Mo. App. 458; Reynold's Appeal, 70 Mo. App. 576. Applying this rule of law to the facts here and it is obvious that the plaintiff's objection was not without merit.

The negligence of the defendant was of the grossest kind. He took no steps to collect the rent. He had his landlord's statutory lien on the crop for the rent. He could have enforced it by attachment. R. S. 1899, secs. 4115, 4123. But instead of resorting to the remedy which the law thus afforded him for the recovery of the rent due him, he stood idly by and let the entire crop be dissipated. The fact that the tenant was insolvent called for a greater vigilance and activity on the part of the defendant in endeavoring to secure it. Such a dereliction of his fiducial duty can not be tolerated. He should have been charged with the reasonable market value of the rent corn which was lost by his negligence.

It results that the judgment must be reversed and the cause remanded. All concur.