In the Matter of the Estate of GILMAN H. WISNER, Minor.

**Guardian and ward:** INVESTMENT OF FUNDS: REPORT: APPROVAL.  A guardian may be authorized by a general order to invest his ward's funds in real estate to be thereafter selected by him, although it might be better procedure to first make the selection and then ask authority for its purchase; and approval of a general report by the guardian as a whole was an approval of the report of the investment embodied therein, although special attention was called to the same by a distinct heading.

**Same:** EXERCISE OF CARE.  A guardian is held to the same care and prudence in the investment of funds of his ward that men of ordinary prudence and intelligence exercise in their own affairs, and having done so he is not responsible for mere errors of judgment.

*Appeal from Hardin District Court.*—HON. C. G. LEE, Judge.

SATURDAY, DECEMBER 18, 1909.

THE opinion states the case.—*Affirmed.*

*C. A. Rogers* and *Wade, Dutcher & Davis,* for appellant.

*Geo. W. Ward* and *Albrook & Lundy,* for appellee.

SHERWIN, J.—J. H. Bales was the guardian of Gilman H. Wisner, a minor, for many years.  In August, 1907, he filed his final report as such guardian and also his resignation.  The resignation was accepted, and Mr. Ellis

D. Robb was appointed guardian in his place. In accordance with the order of the court Mr. Bales filed a full and final report early in November, 1907, and soon thereafter Mr. Robb filed objections thereto as follows: "He finds among the assets of said guardian the following described real estate situated in Murray County, Minn.; the north half (½) of section No. sixteen (16) township No. one hundred twenty-six (126) range No. forty-two (42)." It was stated in said objections that J. H. Bales, guardian, bought said land with his ward's funds in January, 1903, paying therefor the sum of $43 per acre, when in truth and in fact it was not worth to exceed $25.50 per acre. Objection was also made to the purchase of a quarter section of land in Dickinson County, Iowa, for which it was alleged the guardian Bales had paid $40 per acre in March, 1902. It was alleged that the guardian had purchased both tracts of land without due investigation as to their quality and value, and carelessly and negligently, and an accounting for the money so invested was asked. There was an answer to the objections which alleged that in 1901 the district court of Hardin County authorized the expenditure by the then acting guardian of Gilman H. Wisner of $40,000 for the purchase of real property, and that it was in compliance with such authorization that the investments complained of were made, and that said investments were made in good faith, and the amount expended did not equal the sum of $20,000. The answer also alleged that both purchases and the amount paid for said land were duly reported to the proper court, and that said reports and purchases were formally approved by said court. Trial was had on the issues thus joined as to the Minnesota land only, the guardian having withdrawn objections to the purchase of the Dickinson County land, and after hearing the evidence, the objections of the guardian, Ellis D. Robb, were overruled, and the report of Bales,

guardian, was approved.    The present guardian, Ellis D. Robb, appeals.

As will be seen from the foregoing statement of the case, the question presented for our determination is one of fact only.   The law is well settled as to the duty and rights of the guardian, and it need not be

1. GUARDIAN AND
WARD: invest-
ment of
funds: report:
approval.

again discussed or cited.   Authority was given the then guardian to make purchases of real·estate with the funds, and for the benefit of his ward.   It is true that the order was a general one and that the guardian did not act thereon in the instant case until some months after it had been made. But the court had.the power to make the order that it did, and it is apparent from the order itself that it was made general so that the guardian might exercise his discretion in the selection of property for investment, and while it might have been better procedure for the guardian to ask authority to purchase specific property after he had made a selection thereof, it was not absolutely necessary for his protection.   The reports made of the purchases were full and fair, and they were approved.   The contention of the appellant that the report of the purchase of the Minnesota land was not approved as a part of a general report can hardly be sustained.   The report of the purchase was a part of the general report, notwithstanding the fact that special attention was called to the matter by a distinct heading, and an approval of the report as a whole included the report as to the land as well as other parts thereof.

A guardian is bound to act honestly and faithfully, and to exercise the care and discretion that men of ordinary prudence and intelligence exercise in their own af-

2. SAME: exer-
cise of care.

fairs, and, when he has done this, he has met the requirements of the law and is not to be held responsible for mere·errors in judgment.   Such is the universal rule.   In this case, as in most of the others involving the value of lands, there is something of a conflict

in the testimony of witnesses. But we believe that the weight of the evidence shows the land in question to have been worth from $40 to $45 per acre when it was purchased by the guardian. It may be that he paid more for it than he should. But we are well satisfied that he acted in perfect good faith, and that he exercised the care that the law required of him.

We are of the opinion, therefore, that the judgment should be, and it is, *affirmed.*