*In re* CURTIS' ESTATE.

1. EXECUTORS AND ADMINISTRATORS — BANKS AND BANKING — DEPOSIT — ESTATES OF DECEDENTS.
    An administrator, in the matter of selecting a depository for the funds of an estate, is required to use the care which an ordinarily prudent person would use, and to deposit trust funds in his trust capacity, not as an individual.

2. SAME.
    Purchasing a draft by an administrator in his own name and indorsing it to the beneficiary of the estate is not a sufficient designation of the trust to relieve him from liability in case of the failure of the bank before payment.

3. SAME—RECEIPT.
    The fact that a receipt was given by the beneficiary for the amount of the draft before it was dishonored does not warrant a finding that the administrator paid the sum, as a matter of law, where he had acknowledged his liability and re-

ceived back the draft which he filed with a claim for the amount involved in the bankruptcy court administering the estate of the insolvent drawee.

Error to Cass; Des Voignes, J. Submitted April 7, 1910. (Docket No. 30.) Decided July 14, 1910.

Joseph R. Edwards presented his final account as administrator of the estate of Raymond Curtis, deceased. The account was allowed in the probate court, and Henry C. Curtis, sole heir of decedent, appealed to the circuit court. A judgment on a verdict directed by the court affirming the order of the probate court is reviewed by contestant on writ of error. Reversed, and judgment entered for contestant.

*Carr & Eby,* for appellant.

*Charles E. Sweet,* for appellee.

McALVAY, J. The evidence on the part of plaintiff in this case showed that defendant was administrator of plaintiff's brother, who resided and died in Cass county, Mich., and who left a small estate, of which, at the time of the transaction connected with the matter here in dispute, plaintiff was the sole heir. Plaintiff was a farmer living near Carthage in the State of Missouri. On February 7, 1908, the defendant purchased and sent from Dowagiac, Mich., a draft to plaintiff in a letter, for the sum of $301.80, as follows:

"No. 39829.
" City Bank of Dowagiac.
"Lyle, Gage & Co., Bankers.
" Dowagiac, Michigan, Feb. 7, 1908.
" Pay to the order of J. R. Edwards_____$301.80
Three Hundred One & 80 / 100 Dollars. In current funds.
To the Continental National Bank,
          " Chicago, Ill.          " I. B. GAGE,
                                   " Cashier."

This draft was indorsed on the back: " Pay to the order

of H. C. Curtis, J. R. Edwards." This draft represented $318 collected on that date by defendant, being part payment on a contract belonging to the estate, after deducting his commission and exchange. The letter of transmission gave an itemized statement to that effect and requested plaintiff to sign an inclosed receipt. Plaintiff received this draft in due course of mail, at his home in Missouri, on February 11, 1908. He immediately took it to the Carthage National Bank, indorsed it on the back under defendant's name, received $301.80, and then signed the receipt and returned it as requested to defendant by letter dated February 14, 1908. In a letter dated February 15th, defendant wrote plaintiff notifying him that the bank which issued the draft had closed its doors February 10th; asking plaintiff what he had done with the draft and saying that if it had been cashed it would go to Chicago, and if there were no funds " It will be protested and come back to me, and I will be in for its payment." This was the first notice that plaintiff had of the failure of the bank, and the statement that the failure occurred on the 10th was false. It had in fact failed on the 8th.

This draft in due course reached Chicago, and on February 18th was presented for payment and payment refused. It was duly protested and notice given to all concerned, including defendant. On February 22d, plaintiff was notified of this protest by the Carthage National Bank, and demand was made of him to refund $301.80, together with protest fees of $3.12 This amount plaintiff paid, and on the same day returned the protested draft to defendant as requested by him. It was duly received by defendant, and on March 5, 1908, filed by him with his sworn proof of claim with the referee in bankruptcy as a claim against Lyle, Gage & Co., bankrupts, and allowed March 9, 1908, at $304.92. Defendant, in his proof of claim, among other things, stated "that the consideration of the draft or debt was money due and owing to this deponent from the said City

Bank of Dowagiac, which money was deposited with said bankrupts," and that the debt was evidenced by a draft (which draft was the draft in question purchased by him of the bankrupts and afterwards protested). Later, plaintiff notified defendant to return the receipt he had given him for this draft, and also that he would hold him for the payment of the $301.80 claimed to have been paid to him by defendant. On February 6, 1909, defendant filed in the probate court his annual account in this estate, showing payments by remittances of $731.14, and among the receipts to make up this amount was the receipt of $301.80 given by plaintiff for the draft in question. Plaintiff filed objections in writing to the allowance as a payment to him of this item of $301.80. After a hearing had, the probate court overruled his objections, and entered an order and decree allowing said account in full, including this amount. From this order and decree plaintiff appealed to the circuit court for Cass county. Upon the hearing of the appeal at the close of plaintiff's case, upon motion of defendant, the court instructed a verdict for defendant, holding that defendant was entitled to a credit for the amount of this draft as a payment to plaintiff; to which holding and instruction plaintiff excepted. From a judgment entered upon such verdict, plaintiff has brought the case to this court for review upon a writ of error.

The sole question in the case is whether the court was in error in directing a verdict. The facts are not in dispute. It is contended by defendant that the case must be treated as if defendant had made a deposit as administrator in the bank which failed, and that there is no evidence that he knew or should have known that it was in a failing condition, and not a responsible depository, claiming that under such circumstances an administrator cannot be charged with negligence; citing *In re Fishbeck's Estate*, 146 Mich. 348 (109 N. W. 666, 117 Am. St. Rep. 646); *In re Grammel's Estate*, 120 Mich. 487 (79 N.

W. 706). That this is the rule cannot be disputed. An administrator, as such, in the matter of selecting a depository for the funds of an estate, is required to use the care of an ordinarily prudent man. Such funds, however, must be deposited by him in his fiduciary capacity, and not in his individual name without any designation of the trust. 18 Cyc. pp. 235, 236, and notes; 11 Am. & Eng. Enc. Law (2d Ed.), p. 949.

If purchasing this draft is to be considered as a deposit, it must be considered as a deposit in his individual name, and would not bring him within the rule invoked. This draft was purchased by him as an individual, and he so indorsed it. Nothing in this transaction, after he received the money until he indorsed the draft, indicates or designates the trust.

Defendant is an attorney, and the letter he wrote February 15th indicates that he believed himself liable for the amount of the draft. His conduct in presenting the draft as a personal claim as administrator against the bankrupt estate shows that he continued in that belief. The question before us is whether the account of defendant should be credited with this draft as a payment to plaintiff. Our conclusion is that, under the authorities, it should not be so credited. There was no payment in fact, and in holding that it was a payment as a matter of law the court was in error.

Other questions are discussed in plaintiff's brief, which primarily relate to the relation of these parties to each other as individuals, and not to relations existing between defendant and this estate. These matters are not material to the question now before the court.

The judgment, for the reasons given, is reversed and set aside, and, as no disputed question of fact is raised, a new trial would avail nothing. A judgment will therefore be entered in this court in favor of plaintiff, and the item of $301.80 as a credit to defendant in his account in said estate appealed from is disallowed and stricken out.

The case will be remanded to the circuit court to be certified to the probate court for the entry of an order and decree striking out from defendant's account appealed from $301.80 as a credit to said defendant on account of a payment to plaintiff.

MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.