15106. GAY v. VIRGINIA-CAROLINA CHEMICAL COMPANY.

STEPHENS, J. 1. Where the general agency of a husband to purchase fertilizers for his wife has been established by previous dealings between him and a fertilizer dealer, the dealer has a right to assume, in the absence of notice to the contrary, that such agency continues to exist, and a sale of fertilizers by the dealer to the husband may, upon proof that the dealer, in dealing with the husband, intended to contract with the wife through the husband as agent, amount to a sale to the wife and not to the husband. *Burch* v. *Americus Grocery Co.*, 125 *Ga.* 153 (53 S. E. 1008).

2. Although, when the sale was made to the husband, nothing was said or done to indicate that he was at the time acting as agent for his

wife, a shipment of the fertilizers by the dealer to the wife as consignee, and their receipt by the husband and use upon land belonging to the wife, were sufficient to authorize an inference that the sale was made to the wife through her husband as agent. This is true notwithstanding the dealer at the time accepted the husband's promissory note under seal for the purchase price of the fertilizers, since his promise to pay, although made by virtue of a promissory note under seal, could, where the evidence authorized the inference that the husband in purchasing the fertilizers acted as agent for his wife, be a promise made by him as agent for her as his principal whose identity was disclosed, even though she could not have been thus bound by the sealed instrument, he having no authority to sign a sealed note as her agent.

3. The charge of the court fairly submitted to the jury the contentions of the parties, and none of the exceptions to the charge as inapplicable to the facts of the case is meritorious.

4. This being a suit by the fertilizer dealer against the wife to recover upon an alleged contract of sale to her, executed through her husband as agent, it was not error as against the defendant to exclude from evidence two unsigned promissory notes, filled out by the plaintiff's agent negotiating the contract, which were made payable to the defendant's husband. Such notes have no probative value and can in no way be illustrative of any of the issues presented for determination.

5. A witness who acted as agent of the plaintiff in negotiating the contract sued upon, and who received a salary for his services, and whose compensation was not dependent upon the outcome of the case, had not such a financial interest in the case as would disqualify a juror on the ground of relationship to him.

6. The evidence authorized the verdict found for the plaintiff; and since no error of law appears, the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1924.

Complaint; from city court of Statesboro—Judge Proctor. September 26, 1923.

*Anderson & Jones,* for plaintiff in error.

*G. S. Johnston, Howell Cone,* contra.