### 16213.   Hogg v. Cole & Harris.

Bell, J.   1. Where in a suit upon an account the plaintiff proved that the goods were in the nature of supplies purchased in behalf of the defendant by his overseer for use upon the defendant's farm, and that during the same year, and previously to the particular transaction, the overseer purchased from the plaintiff numerous bills of merchandise under similar circumstances, all of which the defendant paid, and that the overseer's authority to purchase the supplies had never been questioned, a finding in favor of the plaintiff was authorized. *Spencer* v. *Lovejoy*, 96 *Ga.* 657 (1) (23 S. E. 836, 51 Am. St. Rep. 152); *Hopkins* v. *Armour*, 8 *Ga. App.* 442 (69 S. E. 580); *Germain Company* v. *Bank of Camden County*, 14 *Ga. App.* 88 (1) (80 S. E. 302); *Armour Fertilizer Works* v. *Abel*, 15 *Ga. App.* 275 (82 S. E. 917); *Martin* v. *Bridges*, 18 *Ga. App.* 24 (2) (88 S. E. 747); *Bacon* v. *Dannenberg Company*, 24 *Ga. App.* 540 (4) (101 S. E. 699); *Gay* v. *Virginia-Carolina Chemical Co.*, 32 *Ga. App.* 720 (124 S. E. 364).

2. The plaintiff was not in any view precluded from suing the defendant upon the account merely because it had been covered by a draft upon the defendant, drawn in the plaintiffs' favor, by the overseer, which draft the defendant refused to pay.   It appearing that the plaintiff received the draft merely in conformity with a custom which had been employed as a convenient method of demanding and receiving payment of the defendant, and the particular draft never having been paid, the status was not thereby changed.

3. This case is distinguishable from *Render* v. *Hill*, 30 *Ga. App.* 239 (2) (117 S. E. 258), in which it was held that the fact that one is an overseer is not, without more, sufficient evidence of his implied authority to act as a purchasing agent for his employer, and in which it was further held that his authority as such purchasing agent could not be established by proof of a previous course of dealing between the plaintiff and other employees of the defendant who may have formerly occupied a similar position.

4. The superior court did not err in dismissing the certiorari.

> Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.

DECIDED MAY 18, 1925.

Certiorari; from Fulton superior court—Judge Humphries. December 12, 1924.

Cole & Harris, a partnership, sued R. H. Hogg upon an account. On the trial J. C. Harris testified as follows: "I am a member of the firm of Cole & Harris at Sharpsburg, Ga.   We operated a store at Sharpsburg and carried on a general merchandise business. Mr. R. H. Hogg owns a farm near Sharpsburg and runs it through Mr. A. L. Hudson, who is overseer of the farm for Mr. Hogg.   Mr. Hudson operates the farm and buys the supplies necessary to run it.   We never sold Mr. Hogg any merchandise on a credit, and

whenever Mr. Hudson bought supplies for Mr. Hogg's farm he would always issue a draft to us drawn upon R. H. Hogg for the merchandise bought. Mr. Hogg was thoroughly familiar with this fact and knew that Mr. Hudson obtained supplies for Mr. Hogg's farm in this manner. During the year 1921 Mr. A. L. Hudson purchased 25 bills of merchandise from our store, and issued to us, in payment for the same, 25 drafts drawn upon R. H. Hogg, all of which drafts were paid by R. H. Hogg. The amounts of these drafts varied from $6 on up to $275 each. These drafts were drawn at intervals of one to two weeks. The first draft was drawn on March 10, 1921, and the others were drawn subsequently, at intervals of one to two weeks. On August 12, 1921, A. L. Hudson bought a bill of merchandise at our store which amounted to $191.02, and issued us a draft for this amount, drawn upon R. H. Hogg. On October 1, 1921, A. L. Hudson bought merchandise from our store and gave us a draft for $17.50 in payment for same, drawn upon R. H. Hogg. This was in accordance with his usual custom of obtaining supplies for Mr. Hogg's farm, of which Mr. Hudson was overseer. Mr. Hogg had never instructed us to discontinue furnishing supplies to Mr. Hudson, and had never instructed us to refuse to accept these drafts as payment for the supplies. Mr. Hogg has never paid us the amount of the draft drawn on August 12 and the amount of the draft drawn on October 1, 1921, and still owes us for these items, which amounts to $208.52. These two drafts were issued by Mr. Hudson and accepted by us in the regular course of business and in accordance with the custom which had been observed by Mr. Hogg, Mr. Hudson, and ourselves during the entire year of 1921. All these purchases were made by Mr. Hudson for Mr. Hogg. The supplies were purchased for use upon Mr. Hogg's farm." There was no other evidence.

Verdict and judgment were rendered for the plaintiff in the sum sued for, and the defendant carried the case to the superior court by certiorari, complaining that the verdict and judgment were unsupported by evidence and contrary to law. The certiorari was dismissed, and the defendant excepted.

*McElreath & Scott,* for plaintiff in error.

*J. C. Davis, Horace Sandiford,* contra.