23029. GROSS et al. v. BUTLER, next friend.

STEPHENS, J. 1. A foreign fidelity insurance company may be sued in any county in this State in which it has an agent or place of doing business; and the principal in a guardian's bond for which the company is surety, although living in another county, may be sued jointly with the surety in any county in which jurisdiction over the surety may be obtained. Equity Life Association v. Gammon, 119 Ga. 271 (46 S. E. 100); Morris v. George, 3 Ga. App. 413 (59 S. E. 1116); Civil Code (1910), §§ 2563, 2553.

2. In a suit against a guardian and the surety upon his bond, to recover the loss alleged to have been sustained by the alleged negligence of the guardian in depositing funds of his wards in an insolvent bank, and for depositing the funds in a bank in which he had a financial interest, the fact that the defendant guardian may have acted as guardian for more than five wards and the fact that officials of the bank had, since the filing of the suit, been tried and convicted of a violation of the laws

regulating the conduct of banks, is irrelevant and immaterial as tending to show liability by the guardian in respect to his handling the wards' funds by placing them in the bank, and the fact that the guardian, when he deposited the wards' funds in the bank and while they remained in the bank, was a legal adviser and attorney for stockholders of the bank, does not show that his personal and financial interest conflicted with his duty to his wards. Allegations as to these facts in the petition should have been stricken on demurrer.

3. A deposit in a bank by a fiduciary, such as a guardian, of trust funds in his custody and control, and which are subject to his withdrawal on demand, does not constitute an investment of the funds which can be made only by an order of court. Whatever duty may rest upon a guardian to invest the funds of his ward in securities such as he may be legally authorized to invest them in, he is not an insurer of the safety of the funds in his hands, and is not liable for their loss, where in handling the funds he has acted in good faith and in the exercise of the care and diligence required of an ordinarily prudent man. Where the guardian has, in his fiduciary capacity, deposited the funds, subject to withdrawal by him at any time, in a bank of solvent reputation and which he has no reason to believe is insolvent, and the funds, through no fault of his, are lost by the insolvency of the bank, he has thereby exercised the care and diligence required of him in the handling of the funds, and is not liable for their loss. There is nothing to the contrary in the act approved August 5, 1929 (Ga. L. 1929, p. 248), authorizing appointment of guardians for monies which come to their wards from the United States Veterans Bureau, which provides that guardians provided for under that act shall invest the funds of their wards "in such securities, in which the guardian has no interest, as provided by law for general guardians in this State." Civil Code (1910), § 3580; *Brown v. Wright*, 39 *Ga.* 96; Chancellor *v.* Chancellor, 177 Ala. 44 (58 So. 423, Ann. Cas. 1915C, 47, 51, note. 11 R. C. L. 149, 150, § 158; 28 C. J. 1145, § 244; Harper *v.* Betts, 177 Ark. 977 (8 S. W. (2d) 464, 60 A. L. R. 484, 487); Hammons *v.* National Surety Co., 36 Ariz. 459 (287 Pac. 292); Jones *v.* O'Brien, 58 S. D. 213 (235 N. W. 654); Curtis *v.* Edwards, 162 Mich. 47 (127 N. W. 36); Pierce *v.* Pierce, 197 N. C. 348 (148 S. E. 438); In re Seidler's Estate, 5 Phila. (Pa.) 85; 19 Phila. Leg. Int. 149; In re Connally, 79 Mont. 445 (257 Pac. 418); In re Workman, 196 Iowa, 1108 (196 N. W. 35); Harding *v.* Canfield, 73 Minn. 244 (75 N. W. 1112); 24 C. J. 51; Woerner's Law of Guardianship, § 63; Law's Estate, 144 Pa. 499 (22 Atl. 831, 14 L. R. A. 103); Thompson *v.* Orchard State Bank, 76 Colo. 20 (227 Pac. 827); 28 C. J. 1129; Pomeroy's Equity Jurisprudence, § 1070; Wood's Estate, 159 Cal. 466 (114 Pac. 992, 36 L. R. A. (N. S.) 252); Wainwright *v.* Burroughs, 1 Ind. App. 393 (27 N. E. 591); Gott *v.* Culp, 45 Mich. 265 (7 N. W. 767); Reynolds' appeal, 70 Mo. App. 576; Taylor *v.* Kellogg, 103 Mo. App. 258 (77 S. W. 130); Elliot's Adm'r *v.* Howell, 78 Va. 297; Wisner's estate, 145 Iowa, 151 (123 N. W. 978); Layne *v.* Clark, 152 Ky. 310 (153 S. W. 437); Scoville *v.* Brock, 79 Vt. 449 (65 Atl. 577, 118 Am. St. R. 975); Hennies *v.* Keithley, 213 Mo. App. 529 (255 S. W. 940); Cobb *v.* Fountain, 187 N. C. 335 (121 S. E. 614); Bohn *v.* Bohn's Guar-

dian, 229 Ky. 608 (17 S. W. (2d) 712); Brubaker's Guardianship, 214 Iowa, 413 (239 N. W. 536); White v. Parker, 8 Barb. (N. Y.) 48; Pinchefski, In re, 179 App. Div. 578 (166 N. Y. S. 204); King v. Tolbert, 40 N. Y. 76, 85, 86; McCabe v. Fowler, 84 N. Y. 314; Barney v. Saunders, 16 How. (U. S.) 535, 21 Curtis, 288, 14 L. ed. 1047; In re Grammel, 120 Mich. 487 (79 N. W. 706); Pethybridge v. First State Bank, 75 Mont. 173 (243 Pac. 569); Cronk v. American Surety Co., 225 N. W. 454; O'Connor v. Decker, 70 N. W. 286; Corcoran v. Kostrometinoff, 164 Fed. 685 (91 C. C. A. 619, 21 L. R. A. (N. S.) 399).

4. In a suit to recover of a guardian and the surety on his bond funds belonging to the plaintiffs, which had come into the guardian's possession from the United States Veterans Bureau, as money belonging to the plaintiffs as beneficiaries of a United States war veteran, and which, it was alleged, had become lost because the defendant guardian had invested them without authority of a court as required by law and placed them beyond his reach or control by lending them to a bank which he at the time knew was insolvent and without taking security therefor, and also in which relatives of his were stockholders, in which he had a financial interest, and from which he as attorney received a salary and compensation, that the defendant at the time was a guardian of more than five wards in violation of the provision of the act of 1929 (Ga. L. 1929, pp. 248, 251) and where it appeared from the evidence that the defendant as guardian aforesaid had from time to time received money in small installments belonging to each ward and deposited it in his fiduciary capacity and subject to his control and to withdrawal by him at any time, in a bank in which it was afterwards lost by reason of the bank's insolvency, that these deposits had continued for over a period of ten years, and that at the time when the bank suspended operations by reason of its insolvency the amount to their credit, and which is the amount sued for, was less than $900, that the bank had the reputation of being perfectly solvent, and that the defendant, up to the date when the bank suspended operations, had no reason to believe that the bank was not perfectly solvent, that the defendant had no official connection with the bank but did act as attorney under a retainer fee to advise the bank about drawing legal papers, and represented them in making some collections, that he knew nothing of the internal affairs of the bank, that none of his relatives were stockholders in the bank, that children of his had money in the bank at the time the bank suspended operations, and he at the time owed the bank money for which the bank had security, and although it did not appear that he received any order of court for turning his wards' funds over to the bank, the evidence authorizes, if it does not demand the inference and the finding as a matter of law, that the defendant deposited the wards' funds in the bank in his fiduciary capacity on temporary deposit and where they could be immediately withdrawn at any time, and in so doing made no investment of the funds which required an order of court, and that he exercised the legally required degree of prudence and care in handling his wards' funds, and was not negligent, and is not liable to account therefor.

5. The fact that upon the trial of a case it was "contended" by counsel for both sides in open court that "there was only a legal question in-

volved and that the court should direct a verdict for one side or the other," does not amount to a consent by both parties that the case should be disposed of by a direction of a verdict by the court for one side or the other. See *Broadhurst* v. *Hill*, 137 *Ga.* 833 (7), 841 (74 S. E. 422); *Riley* v. *London Guaranty &c. Co.*, 27 *Ga. App.* 686 (2) (109 S. E. 676).

6. The petition was good as against the general demurrers and contained allegations showing jurisdiction in the court over both defendants, and, except as indicated, was good against the special demurrers.

7. A verdict for the defendants was authorized, and the court erred in directing a verdict for the plaintiffs.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 21, 1934.

*M. L. Gross, J. J. Harris, John S. Adams, Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiffs in error.

*Harris, Russell, Popper & Weaver,* for persons at interest.

*S. P. New, J. W. Butler,* contra.