25279. OWEN, next friend, *v.* ANDERSON, guardian.

Decided July 6, 1936.

*Vaux Owen,* for plaintiff in error.

*Harris, Harris, Russell & Weaver,* contra.

Sutton, J. R. L. Anderson was county guardian of Bibb County, and as such was guardian of the person and property of James P. Franklin, an incompetent veteran of the world war. On July 3, 1933, Anderson filed with the ordinary of Bibb County his annual return which showed a debit against his ward of $1674.20, the same being funds of the ward which had been placed by the

guardian on deposit in the Macon Savings Bank, and which were in said bank when it closed on account of the bank holiday in March, 1933, and was taken over by the superintendent of banks for liquidation, without being allowed to reopen. Vaux Owen, as next friend of said Franklin, filed a caveat to said return, objecting, among other things, to the allowance of the loss of said sum in the bank as a debit against said ward. Thereupon the guardian amended his return, alleging that this item was not intended as a disbursement but only as a temporary charge-off, and that he would thereafter charge himself with all dividends received from the liquidation of said bank. The caveator amended his caveat, and alleged that the guardian had a financial interest in this bank, being a shareholder and a member of the board of directors with knowledge of its financial status and impending insolvency, and was also attorney for the bank, receiving compensation for such legal services as he performed; that the funds of the ward in this bank were in excess of the current needs of the ward; that a balance of more than $1500 was kept therein for a period of almost two years, and there had been no withdrawal thereof for about eight months before the failure of the bank; that the guardian in placing said funds in this bank submitted to a rule which provided that deposits could be withdrawn, but that the bank could require sixty days' notice from the depositor of intention so to do, and this limited the guardian's control over the funds of his ward; and that the keeping of such a large deposit in this bank for such a long period of time constituted the same an investment at interest, which was unauthorized, there being no order of the superior court therefor. Without any hearing thereon, an appeal by consent was taken from the court of ordinary to the superior court, and the case was tried before a jury in that court, where a verdict in favor of the guardian was rendered. The caveator contends that this verdict was defective in that it did not cover all of the material issues made by the pleadings. It was as follows: "We, the jury, find in favor of plaintiff, Mr. R. L. Anderson, in that he did exercise ordinary care and diligence as per the return in this case." A judgment was entered in favor of the guardian, approving his return and the item caveated, and relieving him from liability thereon. The caveator's motion for new trial was overruled, and he excepted.

■ In a recent decision this court held: "A deposit in a bank by a fiduciary, such as a guardian, of trust funds in his custody and control, and which are subject to his withdrawal on demand, does not constitute an investment of the funds which can be made only by an order of court. Whatever duty may rest upon a guardian to invest the funds of his ward in securities such as he may be legally authorized to invest them in, he is not an insurer of the safety of the funds in his hands, and is not liable for their loss, where in handling the funds he has acted in good faith and in the exercise of the care and diligence required of an ordinarily prudent man. Where the guardian has, in his fiduciary capacity, deposited the funds, subject to withdrawal by him at any time, in a bank of solvent reputation and which he has no reason to believe is insolvent, and the funds, through no fault of his, are lost by the insolvency of the bank, he has thereby exercised the care and diligence required of him in the handling of the funds, and is not liable for their loss." *Gross* v. *Buller,* 48 *Ga. App.* 750 (173 S. E. 866). It is true that the bank in the present case was a savings bank, and that there was a rule of the bank that it could require sixty days' notice before withdrawal of a deposit, although the evidence was that the bank had never invoked this rule. When the bank holiday of 1933 went into effect, the Macon Savings Bank closed its doors along with other banks, commercial and savings, and it never reopened, but was taken over by the superintendent of banks of this State for liquidation, being declared insolvent by that official. The above rule of the bank did not prevent the guardian from withdrawing his ward's funds in this bank. The effect of this rule was not to limit the control of the guardian over these funds, to the detriment of the ward. Until the bank invoked the rule he had complete control over these funds, and they were subject to be withdrawn by him. The decision just cited is authority for the ruling that the deposit in this bank was not, as a matter of law, an investment of these funds. The fact that interest was paid on savings-account deposits by this bank did not convert them into an investment; nor did the fact that the funds remained on deposit therein for some time, bearing interest, and were not withdrawn to meet the current needs of the ward, not being necessary therefor, the guardian having a checking account in another bank where he

kept current expense funds on deposit, make this deposit an investment. The guardian was keeping these funds deposited in this savings bank at a small rate of interest, pending the finding of a good and suitable investment in real estate. There seems to be no distinction between a savings-bank deposit at interest and an ordinary checking-account deposit, under the authorities cited and followed in the *Gross* case, supra. During the months immediately preceding the failure of this bank, industrial and financial conditions were at a low ebb, the depression was on; and there was evidence that it was difficult for the guardian to find suitable real-estate investments, at sufficient rate of interest, in which to place the funds of his ward; and that pending better times, and the location of some good substantial realty mortgages in which to place this money, the guardian decided to keep the money on deposit in this bank to safeguard the same and at the same time benefit the estate.

As illustrative and expressive of the views of this court, under the facts of this case, the following apt and pertinent language from Re Law's Estate, 144 Pa. 499 (22 Atl. 831, 14 L. R. A. 103), is here quoted: "In the present case, the money was placed in the bank, not as an investment, for any fixed period, but merely for safe-keeping, and at a small rate of interest, until a suitable investment could be found. This was the express understanding of both parties at the time. The transaction was entered on the books of the bank as a deposit merely. It was treated as a temporary, provisional, or precautionary arrangement. No person could speak of this as an investment. An investment carries with it a greater or less degree of permanency, which does not characterize this transaction. It is true that two weeks notice was to be given of the withdrawal of the deposit; but this was a reasonable provision, and not inconsistent with a bank deposit. Almost all savings institutions stipulate for notice of withdrawal with their depositors, and such a stipulation is for the benefit, not only of the bank, but also of its depositors. . . It is said the trustee thereby loses control of the money; but that is not the true test. The depositor always, in a certain sense, loses control of the money when he places it in a bank; for the bank may refuse payment of his checks, and, as he then has no claim upon the specific money, he stands upon the footing of a creditor merely. It is true, as a general rule,

a trustee is not allowed to part with the control of trust money; . . . but he may do so by way of precaution against loss, by a deposit in a solvent and reputable bank. A deposit, as we have said, is a temporary disposition of money for safe-keeping; and it is upon this ground alone that the trustee is justified in depositing trust funds in banks; and it is upon the same ground that a deposit is distinguishable from an investment." See also Jones v. O'Brien, 58 S. D. 213 (235 N. W. 654); Thompson v. Orchard State Bank, 76 Colo. 20 (227 Pac. 827, 37 A. L. R. 115); State v. McFetridge, 84 Wis. 473 (54 N. W. 1, 998, 20 L. R. A. 223). The distinction between a loan of money or an investment by the lender and a deposit in a bank is that in the former the person or firm receiving the money agrees to return it at a future time, and in the latter at any time on demand. Had it been the understanding that this was a loan to the bank and an investment by the guardian of funds therein, then, in the usual manner of transacting business with a banking institution, the sum deposited by the guardian with such institution would have been evidenced by a time certificate in which the bank would have agreed to repay the deposit with interest at the end of a specified time. Where there was no restriction on the deposit as to its withdrawal, save the rule which it had not invoked and which the evidence showed had never been put into effect by the bank, the facts certainly did not show that the transaction in this case was actually an investment, and not a deposit at a small rate of interest of trust funds not needed for the current needs of the cestui que trust, and thus placed in a savings bank pending the development of some safe and sound investment bearing fair interest returns. Where a guardian places such trust funds, pending a revival of business conditions, so as to permit a safe investment in real estate or other securities, on deposit in a savings bank at a small interest return, so as to safeguard such funds and at the same time not let them lie idle without earning anything, where they could be withdrawn by him, and with the intention of withdrawing them any time for any purpose in keeping with his trust, it can not be said that the guardian, as a matter of law, did not act as an ordinarily prudent man would have done with his own money.

The jury were not bound to find, as a matter of law, that because the guardian in this case was a shareholder in, a member of the

board of directors of, and attorney for the bank involved in this case, he had such knowledge of the impending insolvency of the bank as to show that he did not exercise the proper care and diligence in depositing and keeping these funds in the bank; nor did the evidence demand a finding that the guardian acted in bad faith in placing and keeping this money therein. Under the evidence, the fact that the guardian was a director in this bank did not necessarily invest him with actual knowledge of the bank's financial affairs and status concerning outstanding loans, securities, etc. The guardian was not an administrative officer of the bank, and it was testified that only such officials of the bank had this knowledge as a matter of course. There was also evidence that the affairs of the bank were properly run, and that proper care and diligence were used by the bank officials in making loans, etc. Evidence of this nature was objected to by the caveator, but was admitted by the court for the purpose of showing that the affairs of the bank were apparently in good condition and that the guardian exercised due diligence in placing and keeping the money of his ward therein. Under the rule laid down and the reasoning and principles underlying the decision of this court in the *Gross* case, supra, the verdict on this issue was not contrary to the law, and the jury resolved the issues of fact against the caveator. There was evidence that the guardian placed this money in the bank as a deposit, that this was the intention and understanding of the parties, that the same was placed there for safe-keeping, pending a suitable investment, and that the guardian was actually in the process of withdrawing a large portion thereof to make an investment in real estate mortgages when the bank closed its doors during the bank holiday of 1933 and never reopened because taken in charge by the superintendent of banks for liquidation. A verdict in favor of the guardian was authorized by the evidence.

■ Where the caveator alleged that the guardian was a shareholder and director of the bank and was its attorney, and as such had knowledge of the affairs of the bank, the manner in which it was run, made its loans, etc., and therefore knew of the alleged unsafe condition of the bank and should have withdrawn the ward's money from the bank in the exercise of the proper care and diligence over the funds of his ward, it was certainly competent and proper for the guardian to introduce evidence showing the manner

in which the bank made loans, and tending to show that the affairs of the bank were apparently properly conducted, in order to show that he exercised the proper prudence and care over his ward's money in this case. The evidence offered by the guardian along this line was not subject to the objections made by the caveator, and the court properly overruled the objections and admitted the evidence. For the same reasons evidence as to the value of the assets of the bank at the time it was closed on account of the bank holiday of 1933 was admissible. Evidence concerning the value of the assets of the bank at the time it closed and shortly before that time, as well as thereafter, was admissible as going to show the condition of the bank, and as going to show whether the guardian exercised proper care as to his ward's money by allowing the same to remain in this bank. An administrative officer and director of this bank could give his opinion as to the value of certain stock and bonds held by the bank as security for loans, he having knowledge of the facts and circumstances concerning the same and of the value of such securities. This evidence need not have been the opinion of an expert. Furthermore, bankers and those connected and associated with banking affairs, as the State superintendent of banks (who testified), would be proper witnesses along this line. See *Schumpert* v. *Carter*, 175 *Ga.* 860 (166 S. E. 436) ; *Walton County Bank* v. *Stanton*, 38 *Ga. App.* 591 (144 S. E. 815) ; *Stanton* v. *Walton County Bank*, 169 *Ga.* 40 (149 S. E. 573) ; *Morrow Co.* v. *Robinson*, 8 *Ga. App.* 409 (69 S. E. 317), holding that value, actual or as regulated by the market, is a matter of opinion, and any testimony, direct or circumstantial, tending to shed light in this respect would be admissible for what it was worth. Therefore special grounds 4 to 9, inclusive, of the motion for new trial show no error.

■ The guardian, as a witness in his own behalf, testified: "I considered it my duty on the board of directors of the Macon Savings Bank of serving them as a lawyer to advise the board on legal matters that came up." To this testimony the caveator objected, and the judge in overruling the objection stated to counsel, in the presence of the jury: "I think the jury ought to have that, because it sheds light on the main issue in this case. One issue for the jury is whether or not Mr. Anderson was in the exercise of ordinary care in selecting this bank as a depository for the money." The caveator's objection was on the ground that the witness could

not state what his duties were on the board of directors, that those duties were prescribed by law, and that the witness could not substitute his opinion of his duties for the law. The witness then stated that the caveator seemed to object to the use of the word "duty," and that he meant that he gave them legal advice on the board, and not financial advice, as he did not consider himself qualified to give it. The caveator contends that the judge thereby wrongfully expressed his opinion, and that the ruling was tantamount to saying that such statement by the guardian that he gave the board legal advice should have great weight with the jury in determining what were the guardian's duties on the board of directors, and that such determination would have an important bearing on the main issue in the case, and that thereby the judge expressed his opinion to the jury that he considered that it had been proved what the duties of the guardian were. Caveator alleges that the by-laws set forth these duties, which provide that each director shall be a shareholder and shall examine the books and affairs of the bank, and particularly into the loans, etc., made by the bank. We do not think the action of the judge in this matter requires the grant of a new trial.

■ Certain letters from the veterans bureau to the guardian were admitted in evidence over the objection of the caveator. The caveator in this case is acting for the bureau, and that bureau has supervision over the guardian and the veteran ward. The contents of these letters, in which the veterans bureau referred to the money of the ward placed in the bank in question as a deposit, and the reference therein to other returns, and to the manner in which returns should be made, and the explanation of disbursements, etc., were admissible as shedding light on the good faith and diligence of the guardian. A letter signed by an official of the bureau by a rubber stamp was not inadmissible because not properly identified. The admission of these letters, as complained of in grounds 11, 12, and 13 of the motion do not require the grant of a new trial.

■ The audit and report made by a public accountant as to the condition of the bank after it closed, containing a statement as follows "This statement reflects the financial condition of the Macon Savings Bank . . at the close of business, June 13, 1933, as determined by us after appraisal of the assets . . the appraisal is based on an ultimate realization, and not on immediate liquida-

tion under the present depressed condition," which was purportedly a statement of the appraisers, but which was not made by them but by said accountant, and which was not verified or sworn to, was hearsay evidence and not competent and admissible; and the court did not err in refusing to admit the same in evidence, as complained of in ground 14 of the motion for new trial.

■ The contention of the caveator that the verdict did not cover all the material issues made by the pleadings, is without merit. See Code, § 110-101; *Smith* v. *Pilcher*, 130 *Ga.* 350, 355 (60 S. E. 1000). The verdict was: "We, the jury, find in favor of the plaintiff, . . in that he did exercise ordinary care and diligence as per the return in this case." Presumptions are in favor of the validity of verdicts, and they are to have a reasonable intendment, so as not to be avoided save from necessity; and the test of certainty is whether the verdict can be made certain by what it contains or by the record. See Code, § 110-105. The return of the guardian in which he gave himself credit for the amount deposited in the bank, and the caveat filed thereto, constituted the issue; that is, the plaintiff or guardian contended that he had exercised proper and ordinary care in the handling of the funds of his ward, that his return to which the caveat was filed was correct, and that he was entitled to debit the amount of this deposit or any loss thereon to his ward, and that he should not be held responsible therefor; and the caveator contended that the guardian had failed to exercise the proper degree of care in the handling of these funds of his ward, for the reasons set up in his caveat. This case turned upon the question whether the guardian exercised the proper diligence in regard to these funds of his ward by placing them in said bank and allowing them to remain there. The judge fairly and fully charged the issues and the law to the jury, and gave them the different forms for verdicts that might be rendered in the case. The verdict was not so uncertain that a judgment could not be framed in accordance with its true intent and purpose and with the issues made by the pleadings. The judgment was "The jury in this case having returned a verdict in favor of the guardian, R. L. Anderson, it is considered, ordered, and adjudged that the verdict of the jury be made the judgment of the court, and that the returns and the item thereof caveated be approved, and the guardian R. L. Anderson relieved of the liability to account for

said item." There is no merit in the contention that the judgment does not follow the verdict, under the pleadings and the proof in this case.

This disposes of grounds 15, 16, 17, 18, 19, and 23 of the motion for new trial.

■ The judge did not err in charging the jury on the question of good faith and due and proper diligence of the guardian, relatively to handling the funds of his ward and placing them in this bank, and the manner in which proper investments of the funds of the ward should be made; and in the instruction that no order of court is required to place the money of the ward on deposit in a savings bank awaiting a suitable investment, even though a small interest is received therefor, and that the mere fact that there is a reasonable rule of the bank requiring notice before withdrawal of funds does not necessarily constitute a breach of the guardian's trust. Under the rulings heretofore stated, the court correctly instructed the jury on these questions. This disposes of grounds 20, 21, 22, 24, and 25 of the motion for new trial.

■ No error of law appearing, and the verdict being authorized by the evidence, the judge did not err in overruling the motion for new trial.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*