## 35995.   MA-JET-IC FURNACE CORPORATION *v.* GREAT SOUTHERN TRUCKING COMPANY.

CARLISLE, J.   1.   Under the provisions of 49 U. S. C. A. § 20 (11), an initial, or receiving common carrier may be held liable for the loss, by a connecting carrier, of goods moving in interstate commerce on a through bill of lading; and, where, upon the trial of an action, brought by a shipper against such initial, or receiving, common carrier for the loss, by a connecting carrier, of a shipment of goods moving in interstate commerce on a through bill of lading, the plaintiff shipper endeavors to introduce in evidence a *signed* "copy" of a letter, on the stationery of the connecting carrier, the original of which was addressed to the initial carrier (the defendant here) indicating that a carbon copy was to be sent to the shipper, with a postscript to the shipper, in which the loss of the shipment is admitted, such "copy" letter is not admissible in evidence over the objections of the initial carrier without proper proof of its authenticity; that is, that the letter was written and signed by the person purporting to do so, and that that person did so with proper authority. *Deadrick* v. *Deadrick,* 182 *Ga.* 96 (185 S. E. 89), and citations; *Cocroft* v. *Cocroft,* 158 *Ga.* 714 (124 S. E. 364), and citations; *Owen* v. *Anderson,* 54 *Ga. App.* 53 (186 S. E. 864). There is no merit in special ground 1 (numbered 5).

2.   Where, in such a case as indicated in division 1, the plaintiff shipper also seeks to recover for certain alleged damages to certain other shipments of goods moving in interstate commerce, it is not such error as to require a new trial for the trial court, in the absence of a request, to fail to instruct the jury that "the acceptance of goods by [the] consignee and payment of the freight without complaint of damages, does not discharge [the] carrier from liability for damage to the goods while being transported," where it appears from the pleadings and the evidence that no such contention was made by the defendant carrier, and the trial court in its general charge instructed the jury: "Common carriers as such are bound to use extraordinary diligence in the care of goods it [sic, they?] undertake to transport. I charge you further that a common carrier may relieve itself of liability by showing that the goods were damaged before it received them where it does not appear, however, either that the carrier received the goods as in bad order, or that they were in fact in bad order when received, the presumption of law is that they were in good order, and the burden of proof is upon such carrier to show that it was free from negligence, and that its negligence did not cause or contribute to the damage. I charge you further that under the Federal law, if the jury should determine that the damage was caused by a defect or vice in the property, and that the carrier was not negligent, the plaintiff would not be entitled to recover. That means not negligence, under the rules as I have charged you, the duty resting upon the carrier to take extraordinary care of the property, but it is a question for the jury, in this case, whether or not defendant, if you believe under the rules I have given you, that the goods were delivered to it for transportation in good order, and that that presumption has not been rebutted under the rules I have given you, whether or not the carrier has shown itself free

from negligence. The burden of proof, under those rules as I have charged you, would be upon the carrier to show that the goods delivered to it for transportation to another State, were not caused, that is the damage was not caused, if there were any damages, by its negligence." There is no merit in special ground 3 (numbered 7).

3. The evidence of which complaint is made in special ground 2 (numbered 6) is not subject to the criticism that it was argumentative. The witness nowhere stated, in his explanation of the customs and regulations of carriers as to notice of damage to goods transported, that the goods in the instant case were not damaged by the defendant. There is no merit in this special ground.

4. In such a case as indicated in division 1, a trial court does not err, in the absence of request, in failing to charge: "Any common carrier or transportation company receiving property for transportation in one State . . . to a point in another State, shall issue a receipt or a bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused . . . by any common carrier . . . or transportation company . . . to which such property may be delivered or over whose line or lines such property may pass. . ." Where it appears that in its general charge the trial court instructed the jury: "I charge you the burden of proof, under the rules I have given you, would be upon the carrier, if you believe from the evidence the . . . [goods] were delivered to it for transportation to show by a preponderance of evidence that it had made proper delivery. And if, under the rules I have given you, you, the jury, should determine that it had made proper delivery of . . . [the goods], I charge you the plaintiff could not recover." There is no merit in special ground 4 (numbered 8).

5. In such a case as indicated in division 1, a trial court does not err, in the absence of a request, in failing to charge that "where a shipment is made in interstate commerce on a bill of lading with order to notify another person not the consignee, the carrier is liable to the shipper if delivery is made to one other than the holder of the bill of lading," where it appears from the evidence that there was no dispute between the parties that the goods had been delivered to the consignee without proper notification to the holder of the order-notify bill of lading, but, that the dispute involved only the question of delivery or no delivery of the goods to the consignee. There is no merit in special ground 5 (numbered 9).

6. Counsel for the plaintiff in error impliedly abandons the general grounds of its motion for a new trial by conceding that the evidence authorized the verdict and the general grounds are, therefore, not considered. Code § 6-1308.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 1, 1956—REHEARING DENIED MAY 15, 1956.

*O. J. Tolnas,* for plaintiff in error.
*Stephens & Bentley,* contra.