### 2508. MIMS v. JOHNSON.

RUSSELL, J. 1. Where both parties to a cause consent that the court direct a verdict, though each moves that it be directed in his own favor, neither party can complain that the court erred in directing a verdict, though the losing party may except upon the ground that the verdict directed is erroneous.

2. One who, in his affidavit of illegality, alleges that the bond which was the basis of the judgment against him was signed by him in the case in question is estopped thereafter to deny such admission.

3. The defendant having withdrawn all of the grounds of his affidavit of illegality save one, the merits of the antecedent rulings of the court on the demurrer to those grounds of the illegality which were withdrawn became immaterial.

4. The evidence demanded the verdict rendered.      *Judgment affirmed.*

DECIDED JANUARY 24,—REHEARING DENIED FEBRUARY 22, 1911.

Affidavit of illegality; from city court of Baxley—Judge Padgett. January 19, 1910.

*J. H. Thomas, J. W. Quincey, Parker & Highsmith,* for plaintiff in error. *W. W. Bennett, Levi O'Steen, W. H. Watson,* contra.

#### ON PETITION FOR REHEARING.

RUSSELL, J. In *Webb* v. *Pope,* 118 *Ga.* 627 (45 S. E. 478), it was held that if an attachment is sued out by C against A and B, and a replevy bond is given, conditioned to pay to the plaintiff the amount of the judgment and costs that C might recover against A, and the plaintiff recovers no judgment against A individually, but recovers only a judgment against A and B jointly, no fi. fa. on that judgment can be issued against the surety on the bond. In this case a bail-trover suit was instituted against two defendants; one of them desired to replevy the property, and gave a bond conditioned to redeliver the property to pay the eventual condemnation money in the case (not merely to pay the amount of the judgment against

the particular defendant). It is true that the case was not fully described in the bond, but in the pleading and in the proof it was conceded that the bond was given in the case in which the judgment was rendered. We think the distinction between the *Webb* case, supra, so strongly relied on by the plaintiff in error, and the case at bar is plain. The difference in the conditions of the two bonds is obvious and controlling.                    *Rehearing denied.*