## CLAY *et al. v.* CLAY.

GEORGE, J. 1. No devise or legacy passes the title until the assent of the executor is given to such devise or legacy. Civil Code, § 3895. The assent of the executor may be presumed from his conduct; and if the executor refuses unreasonably to assent to the devise or legacy, in equity the devisee or legatee may compel him to assent. Civil Code, § 3896; *Lester* v. *Stephens,* 113 *Ga.* 495 (3), 499 (39 S. E. 109).

2. The construction of a will may be invoked by a devisee or legatee, as a basis for the recovery of the devised or bequeathed property. *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227).

3. A testator bequeathed and devised to his wife and two sons all his property, real and personal, "share and share alike," and directed that the property owned by him at the time of his death be kept together and not sold for twenty years after his death by either his wife or his children, "except such exchanges and sales of personal property as may be necessary to keep up said property and the annual proceeds of said property." The testator further directed that the property be left "under the direction of my executrix," the wife of the testator, the will in terms declaring it is left "entirely discretionary with her what annual allowance she shall make to my son, knowing that I can trust a mother's love to do right by her children." The will further provided that should the wife of the testator marry again, she shall cease to be executrix under the will, "but the testamentary scheme herein expressed shall be carried out by legally appointed administrator. The annual income is still to be paid to her [widow of the testator] for her benefit and the benefit of my children who may be minors, but the portion due to such as may be of age to be paid to them respectively." *Held:* (*a*) A son of testator who had become of age, and who had married and moved away from the estate, could enforce a demand for the payment to him of a portion of the net income from the estate, in an equitable suit seeking an accounting and an ascertainment of the amount due to him. (*b*) Under a proper construction of the will, the plaintiff was entitled to a decree for one third of the net income of the estate, the executrix (widow of the testator) having refused to pay him any portion of the net income.

4. The plaintiff's indebtedness to the estate, if any, or the receipt by him of a portion of the net income of the estate, or the failure of the estate to earn a net income since the creation of the same, are matters of defense.

5. The court did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 1292. JANUARY 17, 1920.

Equitable petition. Before Judge Littlejohn. Sumter superior court. December 31, 1918.

*Jesse W. Walters* and *Hixon & Pace,* for plaintiffs in error. *Shipp & Sheppard,* contra.