12332. RILEY & COMPANY v. LONDON GUARANTY & ACCIDENT COMPANY.

JENKINS, P. J. This was a suit for $1,000 alleged to be a balance due on account of insurance premiums collected by the defendants as general agents of the plaintiff. The defendants denied indebtedness, and set up as their primary defense a plea of accord and satisfaction. As a secondary defense they set up by way of recoupment a counter-claim in the amount sued for. The plea alleges that for several years the defendants had been the general agents of the plaintiff in the insurance business, under a contract providing for the termination of the agency after 90-days written notice; that the plaintiff, through its special representative, had contracted to pay them $1,000, in consideration of the cancellation of their agency contract, without the giving of the stipulated previous notice, so that new agents could be immediately substituted, and for the further consideration that the defendants should turn over their business, including new business, to the substituted agents, and in lieu of the full previous commissions thereon should accept a brokerage commission; that the defendants performed their part of this agreement; and that after deducting the $1,000 credit thus due, they settled in full for all premiums collected by them. The sole dispute under both pleas relates to the credit claimed of $1,000. While the evidence as to the making of such an alleged contract by the special agent of the company, as well as his authority so to act, was in sharp conflict, the defendants offered testimony which might be taken to support this portion of their plea, together with evidence tending to show the plaintiff's ratification of the alleged agreement by the acceptance of benefits thereunder. By the plea of accord and satisfaction it is alleged, and it is undisputed under the evidence, that at the time the defendants made their last payment to the plaintiff they had collected as premiums, and then held, the amount of $1,139.67; that on June 1, 1916, they made a remittance to the plaintiff of $139.67 by check, on the back of which and just above the place of indorsement was written the following: "Endorsement of this check is acknowledgment of payment in full of the following: if incorrect return to J. L. Riley & Co., Atlanta Ga. — Collections for February, March, April & May, 1916;" that accompanying this check was a letter stating, by detailed items, the balances due the company for collections of premiums during the four months stated on the check, and giving the total as $1,139.67, below which was written the following: "Less amount agreed upon by your Mr. S. B. Wright, Jr., special agent, for surrender of agency, $1,000.00 — Check herewith, $139.67;" that the letter and the check were received by the plaintiff on June 5, 1916, and the check indorsed and cashed; and that in about two weeks thereafter, the plaintiff made protest as to the allowance of the $1,000 credit. It is clear from the letters in evidence that the claim for this amount had been made and disputed long prior to the mailing of the check. *Held:*

1. All claims, whether disputed or undisputed, may furnish the subject-matter of an agreement in accord and satisfaction, provided such agreement, like all other contracts, is supported by a consideration. When such a valid plea is proved as laid, the rights of the creditor are controlled thereby.

(a) Where the amount of the claim is unliquidated, the mere adjustment of such a bona fide dispute by the express terms of a new agreement will of itself afford a valid consideration, sufficient to render the new agreement binding, and this would be true whether the new agreement had been actually performed or not.   Civil Code (1910), §§ 4326, 4328.

(b) "As a general rule, when a principal sues his agent for an accounting or to recover money which has come into his hands ·by virtue of the agency, the agent has the right of set-off or counterclaim in order to enforce demands which he has against the principal." Clark & Skyles, Agency, § 427, p. 953.  Such a bona fide dispute as to the right of the agent to a counter-claim which he would thus have a right to set off against such an otherwise undisputed demand renders the claim, when taken as a whole, a disputed one.  1 R. C. L. 198 (§ 33); Tanner v. Merrill, 108 Mich. 58 (65 N. W. 664, 31 L. R. A. 171, 62 Am. St. R. 687).

(c) When a party makes an offer of a certain sum to settle a claim, the amount of which is in bona fide dispute, with the condition that the sum offered, if taken at all, must be received in full satisfaction of the claim, and the party receives the money, he takes it subject to the condition attached to it, and it will operate as an accord and satisfaction.   Redmond v. Atlanta &c. Ry., 129 Ga. 133, 141 (58 S. E. 874·); Ryan v. Progressive Publishing Co., 16 Ga. App. 83 (1, 2) (84 S. E. 834).   Such would not be the rule, however, where the claim is not in bona fide dispute, and where the party receiving the money or property merely accepts a portion of that which already belongs to him, and which the payer could not have withheld under any bona fide right or claim.   Alfred Struck Co. v. Slicer, 23 Ga. App. 52, 55 (97 S. E. 455).   In the case last cited, if the pleadings had not shown on their face that the defendant's contention, forming the basis of the alleged accord and satisfaction, was not bona fide, in that it was contrary to his express agreement governing the amount of his fee, the payment made in the alleged accord and satisfaction would have been sufficient to form the basis of such a plea, in that the defendant, to the benefit of the plaintiff, would have parted with something which he had a right to withhold, and such payment would not have amounted to a mere surrender of a portion of plaintiff's own property.

(d) Where any part of a claim is in good faith disputed, a payment thereon, when made and accepted as in discharge of the whole indebtedness, is binding accordingly, even though the payment should go no further than to cover the amount admitted to be due.   Chicago &c. R. Co. v. Clark, 178 U. S. 353, 367 (44 L. ed. 1099, 20 Sup. Ct. 924); Ostrander v. Scott, 161 Ill. 339 (43 N. E. 1089); Melroy v. Kemmerer, 218 Penn. 381 (67 Atl. 699, 11 L. R. A. (N. S.) 1018, note, 1022, 120 Am. St. R. 888); 1 R. C. L. 196 (§ 31).

(e) In determining the validity of an agreement in accord and satisfaction of a disputed claim, it is not the merit, but the bona fides, of the debtor's contention which is the controlling factor; and this, as a general proposition, is a question of fact for the jury.   Ryan v. Progressive Publishing Co., supra (3); ·Dickerson v. Dickerson, 19 Ga. App. 269 (91 S. E. 346).   In the instant case the defendants, in their alleged agreement of accord and satisfaction, relied solely, as the basis of the contention then made, upon a previous agreement which they

claimed had been made with the plaintiff through one of its agents, whereby the defendants were to receive $1,000 for the immediate surrender to the plaintiff of their agency. Since the evidence of the plaintiff disputes and denies in toto all ·of the defendant's evidence with respect to the existence of any such surrender agreement, whether valid or invalid, authorized or unauthorized, the question as to the good faith of the debtors' contention as then made should, for this reason, have been submitted to the jury.

2. While it is true that, " where both parties to a cause consent that the court direct a verdict, though each moves that it be directed in his own favor, neither party can complain that the court erred in directing a verdict, though the losing party may except upon the ground that the verdict directed is erroneous " (*Sovereign Camp W. O. W.* v. *Beard*, 26 *Ga. App.* 130, 105 S. E. 629*; Mims* v. *Johnson*, 8 *Ga. App.* 850, 70 S. E. 139), yet, in the absence of any such agreement, " the mere fact that a party to a litigation contends that the evidence demands a finding in his favor does not amount to a concession that, if this position is not correct, a verdict may be directed in favor of the other party." *Broadhurst* v. *Hill*, 137 *Ga.* 833, 841 (74 S. E, 422).

3. If, in accordance with the rulings above made, it shall be again shown on the second trial that there had been an agreement in accord and satisfaction, and if it should further appear to the satisfaction of the jury that the agreement was valid for the reason that it was entered upon under and by virtue of a bona fide contention of the defendants, such a finding must necessarily and without more be taken as sufficient to relieve the defendants of liability under their primary defense of accord and satisfaction, without going into the additional or secondary defense setting up the validity of the same claim by way of recoupment; since the validity of such claim need not be determined under the second plea, when the mere bona fide insistence thereon is sufficient under the other plea to relieve the defendants of liability. If on the second trial the jury should find that there had been an agreement in · accord and satisfaction, but that it was invalid in that it was based on a contention of the defendants on which they did not in good faith. insist, for the reason that no · agreement of any sort had ever been made by which the plaintiff's alleged agent had agreed in its behalf to pay them the thousand dollars, then it necessarily follows that the additional plea of recoupment could not avail; since it is based not only upon the existence of such a contract, but upon its validity as well. It might be said, however, that if on the second trial the defense of accord and satisfaction should not be relied on, and the defendants' evidence offered under the plea of recoupment should be the same, it would require a finding of the jury upon the question as to whether or not the alleged contract with the special agent had been made, and, if so, whether he was acting within the scope of his authority, and, if not, whether the contract, if made, was ratified by the acts and conduct of the plaintiff. *Roberts* v. *Bank of Eufaula*, 20 *Ga. App.* 221 (92 S. E. 1015).

<em>Judgment reversed. Stephens and Hill, JJ., concur.</em>

DECIDED NOVEMBER 18, 1921.

Complaint; from city court of Atlanta — Judge Reid. October 8, 1920.

*Moore & Pomeroy, Joseph H. Ross,* for plaintiff in error.
*Westmoreland & Smith,* contra.