PALMER v. NEELY et al.

RUSSELL, C. J.   1. A testator under the laws of this State can provide by his will for the creation by his executors of a corporation to which the executors shall convey the residue of his estate for the purpose of carrying on his general business.   Civil Code (1910), §§ 3827, 3832; Burrill v. Boardman, 43 N. Y. 254 (3 Am. R. 694); Boyle v. John Boyle & Co., 136 App. Div. 367 (120 N. Y. S. 1048); St. John v. Andrews Institute, 191 N. Y. 254 (83 N. E. 981, 14 Ann. Cas. 708); In re Scott's Estate, 280 Pa. 9 (124 Atl. 270); Schouler on Wills (6th ed.), § 36; Remsen on Preparation and Contest of Wills, 58.

2. Such a corporation is not a mere instrument or vehicle for the administration and distribution of the estate of testator, but is a devisee to whom the executors are to convey the residue of the estate of the testator for the purpose of carrying on his general business, with a bequest of the shares of the corporation to his widow and children as provided in his will; and such a corporation can be created under the Civil Code of 1910, § 2823.

3. A testator by his will can legally provide that the stock of a proposed corporation shall be held by his executors in trust for his widow, his two adult sons, and an adult married daughter, the portions so given to his widow and sons being given in fee simple, and the portion given to his married daughter being given to her for life, with remainder to her children born and to be born and to her grandchildren as set out in the other portions of his will.   A valid trust can be created in this State for a married woman during life, with remainder over to her children born or to be born.   Sinnott v. Moore, 113 Ga. 908 (4) (39 S. E. 415). Even if this provision of the will created a voting trust, or if the trust was executed at the time the will took effect, or afterwards became executed, these facts would not wholly destroy the testamentary scheme or the trust estate, so as to entitle the plaintiff to share in the estate of the testator as if there were an intestacy as to the residuum of his estate.

4. Whether the provisions of the will create a perpetuity in the remote limitations therein contained it is not necessary now to decide.   Clearly the limitation of the estate to plaintiff for life, and at her death to her children born and to be born, does not create a perpetuity.   "When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under the legal limitations."   Civil Code (1910), § 3678.

5. "The petition in this case is not maintainable as one merely for the construction of the testator's will; for, under § 4597 of the Code of 1910, only the representative of the estate may ask for the direction of a court.

Appeal and Error, 4 C. J. p. 1068, n. 16, 22.
Corporations, 14 C. J. p. 122, n. 81.
Perpetuities, 30 Cyc. p. 1485, n. 99; p. 1499, n. 78.
Trusts, 39 Cyc. p. 36, n. 75.
Wills, 40 Cyc. p. 1052, n. 69; p. 1469, n. 65; p. 1745, n. 42, 44; p. 1813, n. 38; p. 1848, n. 23, 25; p. 1853, n. 59; p. 1955, n. 73 New.

Construed as a petition by a legatee for the recovery of property devised in a will, a construction of the instrument may be invoked as a basis for such recovery. But in such case the petition must allege that the administrator has assented to the devise, or wrongfully refuses to assent. The petition does not conform to the above-stated requirements; and therefore the court did not err in sustaining the demurrer." *Lester* v. *Stephens,* 113 *Ga.* 495 (3), 499 (39 S. E. 109).

6. Assignments of error not referred to in the briefs of plaintiff in error are treated as abandoned.

7. Applying the above principles, the court did not err in sustaining the demurrer to the petition and in dismissing the same.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*

No. 5115. SEPTEMBER 25, 1926. REHEARING DENIED SEPTEMBER 30, 1926.

Construction of will, etc. Before Judge Franklin. Burke superior court. September 14, 1925.

Robert C. Neely died on October 27, 1923, leaving a will which was probated in solemn form on December 3, 1923. In item one of the will he directed the payment of his just debts as soon as practicable after his death. In item two he appointed his wife, Lillian Wilkins Neely, and his sons, Alvin W. Neely and Robert C. Neely Jr., as executors. He authorized the executors to continue at their discretion any farming or mercantile business in which he was interested or engaged at the time of his death, to manage and control his estate, to sell any of his property at either public or private sale, as in their judgment might seem best, for the purposes of paying debts or reinvestment, "without any orders of court therefor and free from control of the courts." The executors were also relieved from giving bond, and provision was made that if from any cause either of the executors ceased to act as executor the remaining executors should elect another to serve in his or her place. In item three he gave his wife from $2000 to $3000 per year in lieu of dower and year's support, as would be justified by the income from the estate in the opinion of the executors. In item four he gave his wife, in lieu of dower and year's support, a life-estate in his residence, with remainder to Alvin W. Neely. In item five he disposed of his personal effects including furniture and silverware. In item six, to his wife in lieu of dower and year's support, he further gave the sum of $25,000 to be paid by the executors when all the testator's debts have been paid "and when the corporation hereinafter mentioned shall have accumulated sufficient surplus to carry on its business without having to borrow any money." Item seven of the will

is as follows: "After the payment of my debts as stipulated in item 1, and expenses of administration are paid, and subject to items 3, 6, and 8 herein mentioned, I will and direct that the rest and residue of my estate, of whatever character and wherever locate, be organized and chartered as a corporation under the name and style of 'Neely Estate,' for the purpose of carrying on my general business; and I direct that the capital stock of this corporation shall be held in trust by my executors herein named, for my wife, Lillian Wilkins Neely, and children, Robert C. Neely Jr., Alvin W. Neely, and Mrs. Moselle Neely Palmer, giving to my wife and children each an equal share in said residue of my estate as represented by said capital stock. The portion given to my wife, Lillian Wilkins Neely, and to my children, Alvin W. Neely and Robert C. Neely Jr., is given to them in fee simple, and the portion given to Mrs. Moselle Neely Palmer is given to her for and during the term of her natural life, with remainder to her children born and to be born, and to her grandchildren, as set forth in items 9 and 10; and I direct that the dividends declared by said corporation be divided equally among my wife and children (children of deceased parents to take in the place of their deceased parents), except such portion of said income as may be needed to carry out the provisions of items 3, 6, and 8." In item eight the testator directed the payment of an annuity of $1600 to Mrs. Kate Wilkins Dowell, in accordance with the terms of a certain paper mentioned as "executed by my wife, Lillian Wilkins Neely, on the date of the 23rd day of September, 1905." Item nine is as follows: "I appoint the executors of this my last will and testament as trustees of my daughter, Mrs. Moselle Neely Palmer and her children, now in life or that may be hereafter born to her, and that said share inherited by said Mrs. Moselle Neely Palmer and her children shall be entirely under the power and control of said trustees; and in case of the death of any or all of these legatees, this property shall either become the property of the survivors or revert, in case none are living, to my other heirs, or my estate, provided that no descendant of said Mrs. Moselle Neely Palmer or her children is living; it being my will and intention that all property, money, stock, and interest passing to my daughter, Mrs. Moselle Neely Palmer,

49

under the terms and provisions of this will shall be for the term of her life only, and at her death the same shall pass to and vest in such children as she may leave surviving her; then said property and interest to revert to my estate and be divided among my other heirs." Item ten provides: "All the property given under this will to my grandchildren (that is, children of my daughter, Mrs. Moselle Neely Palmer) after the death of said Mrs. Moselle Neely Palmer is given to said grandchildren for and during their natural lives only, and after their death the same to go to their children in fee simple (children of deceased children to take in place of their deceased parents) per stirpes; should either of my said grandchildren (that is, children of Mrs. Moselle Neely Palmer) die leaving no child or children, then the property or portion to such grandchild or grandchildren shall go to my other grandchildren (children of Mrs. Moselle Neely Palmer), share and share alike; the children of any deceased child (my grandchild) to take the parent's share per stirpes. In the event all of [the] grandchildren (children of Mrs. Moselle Neely Palmer) should die leaving no children, then the portion given to my daughter, Mrs. Moselle Neely Palmer, and to her children shall revert to my estate and vest in my heirs, Lillian Wilkins Neely, Alvin W. Neely, and Robert C. Neely Jr., share and share alike."

On March 17, 1925, Mrs. Moselle Neely Palmer filed her petition against Robert C. Neely Jr. and Alvin W. Neely as executors, Lillian Wilkins Neely as executrix (they having qualified as such on December 3, 1923), Robert C. Neely Jr., Alvin W. Neely, and Lillian Wilkins Neely, individually, John R. Palmer Jr., Robert Neely Palmer, Lillian Palmer, and all persons not in esse who might take in remainder or reversion under the will if it were not invalid as alleged, the Thomas Little Lumber Company, a partnership composed of C..W. Thomas and W. B. Little, Neely &. Wilcox, a partnership composed (prior to the death of Robert C. Neely) of Robert C. Neely, Robert C. Neely Jr., and S. H. Wilcox, and Robert C. Neely- Jr. and S. H. Wilcox as surviving partners of said partnership. Petitioner alleged as follows: She is the daughter, and .Robert C. Neely Jr. and Alvin W. Neely are the sons, of Robert C. Neely, and are his sole heirs. Lillian Wilkins Neely is the widow of said deceased, and the mother of Robert C. Neely Jr., Alvin W. Neely, and petitioner. John R. Palmer

Jr., Robert Neely Palmer, and Lillian Palmer are all of the children of petitioner, being of the ages of eight, six, and three years respectively. The will involves difficult legal questions in matters of construction and legal effect, and presents a case wherein the jurisdiction of the court may properly be invoked for its construction, the determination of the validity of certain provisions thereof, and direction relative to the manner of administering and distributing the estate. In March, 1924, petitioner requested the representative defendants to file a petition for the construction of the will and direction thereunder, which they declined to do. Petitioner is interested in the estate, and alleges upon information and belief that there is danger of loss or other injury to her interests unless equity shall aid in the administration of said estate, the construction of the will, the determination of the validity of certain portions thereof, and other purposes later set forth. The proposed corporation mentioned in item seven of the will has not been chartered or organized, but the representative defendants intend to apply for a charter and to organize it, and will do so unless enjoined therefrom by the court. In so far as the will provides for the chartering and organizing of the proposed corporation it is null and void, for that there is no statute or law of this State under which the proposed corporation may be legally chartered or organized, and the proposed corporation would be nothing more than an instrument or vehicle for administration of the estate. This provision is vague, indefinite, uncertain, and incapable of being carried out; and the specific purposes of the proposed corporation, the limit of its existence, its capital stock and the kinds, amounts, and rights and privileges thereof, and the rights, powers, duties, and liabilities of said proposed corporation are not fixed or specified, nor is any provision or direction given by the will relative to said matters or either of them. It is apparent from the will that the testator intended that all his property, after payment of debts and administration expenses, should be organized and chartered as a corporation for the purpose of carrying on his "general business;" that said corporation should continue in existence indefinitely; that the entire capital stock of the proposed corporation should be held in trust by the representative defendants and their successors for an indefinite period of time; that the representative defendants and their suc-

cessors should exercise the voting power of said entire capital stock, and that the voting power should never be exercised by any other person or persons. The testator neither intended to, nor did, bequeath or devise the residue of his property or estate either to defendants or to petitioner, but merely intended to bequeath the capital stock, not then in existence, of a non-existent corporation; that the residue of his estate should not be alienable by said corporation during the period of its indefinite existence. The apparent intention of the testator with respect to the formation and operation of said corporation can not be legally carried out and given effect; and by reason thereof, the testamentary scheme in this respect fails, and there is an intestacy as to the residue of the estate. The provisions of the will and item seven thereof constitute an attempt on the part of the testator to dispose of his estate in a manner contrary to law, and to create a perpetuity in violation of the rule against perpetuities; the same is an attempt to create a voting trust contrary to public policy, and therefore is null and void. This voting-trust feature is an essential and inherent part of the testamentary scheme, and its invalidity nullifies the testamentary scheme and creates an intestacy as to the residue of said estate. Even if it were possible to organize the proposed corporation, the provision of the will for holding the stock in trust would be executed immediately, at least as to Robert C. Neely Jr., Alvin W. Neely, and Lillian Wilkins Neely, they being sui juris and of sound mind; and as this trust is an essential and inherent part of the testamentary scheme and fails by reason of the fact that the trust would be immediately executed, said testamentary scheme fails, and there is an intestacy as to the residue of the estate. If it were possible legally to organize said corporation and issue its capital stock, said stock would under the law be alienable, and its voting power would follow its ownership and could not legally be retained by the trustees, all of which is contrary to the apparent intention of the testator and thus subversive of the testamentary scheme with respect to the formation and operation of said corporation; and this would enable the representative defendants, as holders of the majority stock, to dispose of a controlling interest in said corporation to strangers, and thus deprive themselves of the control and management of the corporation, contrary to the apparent intention

of the testator, thereby destroying the testamentary scheme. More than twelve months have elapsed since the qualification of the representative defendants, and petitioner is entitled to an accounting and settlement by them with respect to the residue of said estate, subject to the payment of any legal and valid unpaid claims against it, and to the bequests contained in items 3 and 8 of the will. The representative defendants have overpaid themselves at least $4600 for commissions. Details of the transactions by which the overpayment was caused are given. Each of the representative defendants is drawing excessive salaries from the estate, without the order of the ordinary; they have failed to file a complete and accurate return in the particulars set out, and have therefore forfeited the commissions which they have paid to themselves, and they should be held to account therefor to the estate. On the date of the death of testator the assets of the estate amounted to at least $824,011.07, and its liabilities amounted to $307,404.28, the net estate of said date thus being $516,607.79; but such figures do not take into account the assets and liabilities of the firm of Neely & Wilcox. Shrinkages in value have occurred in the estate under the management of the representative defendants; they engaged in the business of buying and selling cotton other than that raised on the plantation operated by them as executors, making purchases amounting to $368,707.45, and sales amounting to $366,617.73, making thereon, according to their statement, a net profit of $4,311.54.

On information and belief it is alleged that the testator never engaged in the business of buying and selling cotton other than that raised on his own plantation, to any such extent as carried on by said representative defendants; and such buying and selling of cotton is not authorized by said will or by law. The amount of profit made, even if true, is insignificant when considered in connection with the amount of funds necessarily involved in the carrying on of such transactions, and such dealings jeopardize the assets of the estate and petitioner's interest therein. The representative defendants undertook to enter into a written timber-lease agreement with the Thomas Little Lumber Company for the sale by the representative defendants of certain saw timber from the lands of said estate; which was not a continuance of any farming or mercantile business in which the testator was

interested or engaged at the time of his death, and said agreement and sale were not necessary for paying debts or for reinvestment. The petitioner has an interest in all of the property and assets of said estate; she is without adequate remedy at law, and is entitled in equity to the relief prayed. She therefore prays: (a) For the construction of said will, and particularly item seven thereof. (b) That the representative defendants be enjoined from applying for a charter for the proposed corporation, and from transferring any of the assets of the estate thereto, and from issuing any stock therein. (c) That the provisions of said will with respect to the organization and operation of said corporation be declared to be illegal, null, and void, and that an intestacy with respect to the residue of said estate thereby directed to be organized into the proposed corporation be declared and established, except as to the bequests contained in items three and eight. (d) That it be decreed that petitioner has an undivided one-fourth interest in such residue, provided defendant Lillian Wilkins Neely elects to take a child's part therein; and in the absence of such election, that it be decreed that petitioner has the interest in such residue to which she may be entitled under the law. (e) That the representative defendants be required to settle with and account to petitioner with respect to her interest in the estate, and (f) for the commissions paid to themselves, and (g) for the salaries drawn without the allowance of the ordinary as aforesaid. (h) That each of said representative defendants be restrained from paying to themselves or either of them any alleged claims which they or either of them may have against said estate, except upon strict legal proof thereof. (i) That the partnership of Neely & Wilcox be required to account to and settle with the estate of Robert C. Neely. (j) That the Thomas Little Lumber Company be enjoined from cutting or removing any timber from the lands of said estate, and be required to account to and settle with the estate for any timber already removed, and that said written agreement be decreed to be null and void and surrendered up and canceled. (k) That in the accounting and settlement with the representative defendants there be a division in kind of the property of the estate, as far as practicable. (l) That pending such accounting and settlement the representative defendants be enjoined from buying and selling cotton, except that raised by them or received as rent.

(m) That a guardian or guardians ad litem be appointed for John R. Palmer Jr., Robert Neely Palmer, and Lillian Palmer, "and for all persons not in esse, who might take in remainder or reversion under said will, if it were not invalid." (n) For general relief, process, etc.

The plaintiff filed an amendment making these allegations: A corporation controlled and managed as contemplated by item seven of said will would be contrary to public policy and void. It is apparent that testator intended that she should not at any time have any voice or control in the conduct or management of said corporation, or of the stock therein bequeathed to her, or the power to vote the same. It was the intention of the testator that all of his property included in the residue should be held together as a unit indefinitely, and that petitioner should not have any voice in the management or disposition thereof. The firm of Neely & Wilcox prior to death of the testator was composed of testator, Robert C. Neely Jr., and S. H. Wilcox, and the latter two are the surviving members. Said firm was at the time of the death of testator and prior thereto, and has since been, engaged principally in the business of cotton factors; and by item seven of the will testator intended that the proposed corporation should be organized at the expiration of the twelve-months period immediately following the qualification of the executors. It is alleged upon information and belief that at the expiration of said period the executors had either paid all the debts and expenses of administration or were in position so to do from cash or quickly convertible assets. The special powers conferred upon the executors to continue in their discretion any farming or mercantile business in which the testator was interested or engaged at the time of his death, to manage and control his estate, to sell at either public or private sale any of his property for the purpose of paying debts or for reinvestment, ceased at the time he intended that the proposed corporation should be organized. On or about March 23, 1925, the executors purchased from C. L. Herrington, for $5500, the entire capital stock of a corporation known as Herrington & Braswell Inc., which was engaged in the lumber and building supply business. On or about the same day the executors purchased from Herrington, for $5500, certain lands together with certain machinery thereon. On or about March 27,

1925, the executors applied to this court for amendment to the charter of said corporation, for change of name to Neely Lumber & Supply Company, which was granted. Since the purchase of said capital stock, real estate, and machinery above mentioned, the executors have been and are now engaged in operating the Neely Lumber & Supply Company. The business of said corporation is not of the nature of any business in which said testator was interested or engaged at the time of his death, and the acquisition of said property by the executors and the operation of said corporation is wholly unauthorized by the will and by any powers conferred on the executors thereby. The executors, unless restrained, will continue to operate said corporation and conduct said business. They intend to cut, saw, and sell from the lands of the estate, for commercial purposes, approximately 1,000,000 feet of timber growing on said land, and are now engaged in cutting, sawing, and selling timber from the lands of the estate for commercial purposes. Such conduct is wholly unauthorized by the terms of the will. Unless restrained, the executors will continue said business. The executors have recently, and since the time it was contemplated that the proposed corporation should be organized, started the erection of brick store buildings on property of the estate, and now are engaged in their construction. This is not authorized by the terms of the will. Unless restrained, the executors will continue this construction. Petitioner prays that the executors be restrained from carrying on the business of the Neely Lumber & Supply Company; from carrying on any business or operations in connection with the estate, except the farm operations already begun and in process for the year 1925, and necessarily a part thereof; from cutting, sawing, or selling any timber from the lands of the estate for commercial purposes; and from proceeding with the construction of the store buildings above mentioned.

Robert C. Neely Jr., Alvin W. Neely, and Lillian Wilkins Neely, individually and as executors, demurred on the grounds: (a) The petition sets forth no cause of action. (b) There is no equity in said petition. (c) There is a misjoinder of causes of action and of parties defendant. (d) The petition is multifarious, and attempts to set forth several distinct and separate claims against these defendants. (e) Petitioner has a plain, adequate, and com-

plete remedy at law. (f) It is not alleged that these defendants are insolvent or can not be made to respond to any judgment which petitioner may recover against them. (g) The court of ordinary has assumed jurisdiction over the administration of the estate, and the petition fails to allege any facts which would justify a court of equity in interfering with the regular administration of the estate in that court. (h) The court of ordinary has adequate jurisdiction over these defendants in any matters of waste and mismanagement of the estate, and the petition does not allege that they are not able to respond in damages for any waste or mismanagement. (i) Only the representative of an estate may ask for the direction of the court; and the petition is not maintainable for the recovery of the property bequeathed by the will, because it does not allege that the executors have assented to the devise or legacy, and does not set forth any facts to show that said assent has been wrongfully withheld, but shows that some of the debts of the estate have not been paid, and that the estate is not in position for petitioner to recover. Various other grounds of demurrer need not be set out.

*Whitman & McCowen, Henry C. Hammond,* and *E. V. Heath,* for plaintiff.

*Hull, Barrett & Willingham* and *Fullbright & Burney,* for defendants.