REECE, administratrix, *v.* McCRARY, executor.

No. 10247. NOVEMBER 20, 1934.

*Hooper & Hooper,* for plaintiff.
*Wright & Covington,* for defendant.

Bell, J. The bill of exceptions in this case was made returnable to the Court of Appeals, and, as we think, properly so. The case as made by the petition was one falling within the jurisdiction of that court, and its transfer to the Supreme Court was improper. Accordingly, a transfer back to the Court of Appeals must be ordered. Under the constitution the Supreme Court has jurisdiction "in all cases which involve . . the construction of wills" (Civil Code (1910), § 6502), but this provision does not confer jurisdiction upon the Supreme Court when the construction of a will is involved only as an incident to some other proceeding. The constitution also provides that the Supreme Court shall have jurisdiction "in all cases respecting titles to land;" and yet it has been held repeatedly that the case must be one in which the title is directly involved, in order for this clause of the constitution to be applicable. *Griffin* v. *Leggett,* 153 *Ga.* 663 (112 S. E. 899). "To bring a case within this provision of the constitution, the title to land must be directly and not incidentally involved." *Radcliffe* v. *Jones,* 174 *Ga.* 324 (162 S. E. 679). In *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227), it was held in effect that only the representative of an estate may ask for the direction of the court, and also that no other person can seek the construction of a will except as a basis for some other relief. In such case, the construction of the will would be only incidentally involved, and the nature of the alleged cause of action would be determined by the controlling purpose of the action and the character of the relief sought. Cf. *Clay* v. *Clay,* 149 *Ga.* 725 (101 S. E. 793) ; *Palmer* v. *Neely,* 162 *Ga.* 767 (5) (135 S. E. 90). The present suit was brought in a court of law, and its main and controlling object was the recovery of a sum of money alleged to be due to the plaintiff administratrix by the defendant executor. The only prayers were for process and for a money judgment. A construction of the will is only incidentally involved, and the petition contained no prayer for any such relief. The character of an action is to be determined by the nature of the allegations and prayers; and measured by this rule, the petition here did not make a case involving the construction of a will, within the constitutional provision relating to the jurisdiction of this court. Cf. *Burgess* v. *Ohio National Life Ins. Co.,* 177 *Ga.* 48 (169 S. E. 364), and cit. Whether or not such a case

could be made by an action at law need not be decided. See Civil Code (1910), §§ 4596, 4597.

*Transferred to the Court of Appeals. All the Justices concur.*