24528. REECE, administratrix, *v.* McCRARY, executor.

DECIDED SEPTEMBER 18, 1935.

*Hooper & Hooper,* for plaintiff.

*Wright & Covington,* for defendant.

STEPHENS, J. This case was transferred to this court by the Supreme Court. See *Reece* v. *McCrary,* 179 *Ga.* 812 (177 S. E. 741). In the petition, which is a suit by Mrs. Maude Reece as administratrix of Raleigh Miles Reece against the executor of J. Walter Reece, it is alleged that the testator died in 1921, leaving a will containing certain provisions for the benefit of a daughter and of a son, in which he gave to "the use of" his son, Raleigh Miles

Reece, and such children as might be born unto him, the sum of $2500, and a sixth part of the residuary portion of the estate, after deducting certain named bequests, expenses of administration, burial expenses, and just debts, and provided that the $2500 should be invested by the executor in income-bearing property or securities such as the law may provide for the investment of trust funds, the title to the funds or property to vest and remain in the executor as long as the estate might remain not fully administered, and that the net income therefrom should be paid to the son during his life, annually or semi-annually as might be convenient in the handling of the funds, and that "in the event my said son should have born unto him child or children, then if, in the judgment of my said son and my said executor or his successor, or the trustee hereinafter provided for, or such of them as may be in life or in charge of the property at the time being, it is necessary and to the interest of a child or children of my said son, all or any part of the corpus of said funds or property may be used for educating such child or children, no greater expenditure to be made in this behalf for any one child than his or her prospective interest at the time being may appear to be in the remainder of said funds or property after the death of my said son, or, in the event my said son during his lifetime should become physically or mentally incapable of earning a living for himself, the corpus may be likewise used for his maintenance and support;" that this item further provided, if the son should die leaving child or children or child of children, that the fund of $2500 left to the son should be equally divided between his children and children of deceased children, per stirpes, the child receiving advances made for educational purposes to be charged with such advances without interest, and in the event the son died without leaving a child or children, or children of children, living at the time of his death the bequest should pass to the daughter and her children and children of deceased children, per stirpes, and become part of their devise, subject to the items and provisions specified in item 4; that item 4 gave "to the use of" his daughter, Agnes Rebecca Reece Payne, and her children born and to be born, $2500, with the same limitations as in the $2500 bequest to the son, as to her having the net income for life, as to investment of the corpus, as to the title being in the executor, and as to using the corpus for the education of a child or children in the event, "in the

judgment of my said daughter and my said executor," it were necessary and to the interest of a child or children; and that the will gave to the executor Hugh McCrary power to sell and dispose of any and all of the property at public or private sale, without an order of court, etc. It was further alleged that in 1931, by reason of sickness, the son became physically incapable of earning a living, and from July 27 until his death on November 10 he was confined to his room and incapacitated for any kind of work; that during this time he owned no property and was entirely dependent for support, care, and attention upon the income derived from the will; that he required the attention of physicians, dentists, nurses, and the purchase of drugs and medicines; that certain items amounting to $738.50 were necessary expenses incurred during his last illness; that on his death an additional expense of $359 was incurred for funeral expenses; that the accounts for said expenses had been transferred to Mrs. Maude Reece, his wife, in consideration of her advancing the necessary funds to pay them; that it was the intention of the testator that the corpus of the bequest of $2500 to the son should be used for his support during his life if conditions made it necessary; that these conditions arose and the executor advanced approximately $          towards the support of the son, which expenditure did not cover any of the items sued for; and that the bequest of $2500 was chargeable with all debts necessarily incident to the last sickness and burial expenses of the son, and they constituted a claim on the life-estate, superior to that of the remaindermen.

The defendant demurred to the petition on the ground that it set forth no cause of action, and on several other grounds which need not be stated. The demurrer was sustained.

■ By comparing the provisions of the will for the daughter and the son, including the provisions relating to the education of their children, it is seen that they are practically identical. Each calls for the consent of the executor or trustee for an expenditure of the corpus upon the children. In the case of the son, however, there is the additional provision that the corpus of the $2500 bequest, in the event he during his life should become physically or mentally incapable of earning a living for himself, might be "likewise used for his maintenance and support." The precise question, in construing this part of the will, is whether the word "likewise"

is to be understood in the sense of "also," or in the sense of "in like manner." The latter is the primary meaning of the word "likewise." It was the expressed intention of the testator that the corpus of the $2500 bequest to the son should be expended only when, in the judgment of the son and the executor, it was necessary and to the interest of a child or children to spend any part of the corpus for educating such child or children. Immediately afterwards in the same paragraph it is provided that the corpus "may likewise be used" for the son's maintenance and support should he become incapable of earning a living. In view of the large powers and discretion given to the executor as to the disposition, for the benefit of the beneficiaries, including the remaindermen, of the various bequests made in the will, of the fact that title to all the property bequeathed is in the executor, and that the $2500 bequest to the son for life, with remainder to his children or to the testator's daughter or her children, was in funds which the executor had the power under the will to invest in tangibles which could easily be dissipated by a life-tenant, to the exclusion of the remaindermen, if unrestrained by the executor, and in view of the primary meaning of the word "likewise" as being "in like manner," the will required the consent of the executor or trustee to an expenditure of the corpus of $2500 for the son's benefit even after he became helpless and incapacitated. Let the paragraph of the will which relates to the expenditure of the corpus be read with a substitution of the word "also" for the word "likewise," and then reread with a substitution of the expression "in like manner" for the word "likewise." It can then be determined which meaning of the word "likewise" is more in consonant with the whole testamentary scheme as evidenced by the will.

The expenses sued for, including those for the last illness, are not, as a matter of law, chargeable against the life-estate. The rule has been laid down as follows: "As upon the death of the life tenant his life estate terminates, land in which he had a life interest is not subject to a lien for his debts, nor is the corpus of the estate chargeable with his debts and funeral expenses." 21 C. J. 941. The plaintiff contends that under the rule as announced in *Miles* v. *Peabody*, 64 *Ga.* 729, the life-estate is chargeable with the burial expenses of Raleigh Miles Reece, the life-tenant. The decision in that case, which was that the burial expenses of the

wife, who was a life-tenant by the will of her husband, were charge-able against the life-estate, was predicated, not upon the proposi-tion that these expenses were, as a matter of law, chargeable against the life-estate, but upon the proposition that by a reasonable con-struction of the will it was intended that the burial expenses of the wife should be paid out of the estate, and therefore that they constituted a claim superior to the claim of the remainderman. The will, as respects the bequests to the son, and especially the bequest of the $2500, bears no construction that it was the testator's inten-tion that the $2500 corpus should be chargeable with the son's funeral expenses. Under a proper construction of the will this corpus can not be expended for any purpose except by the executor's consent. It does not appear from the petition that this was given. Not only does it not appear that the executor consented to the expenditures sued for, but he resists their payment out of the assets of the estate by resisting this suit with a demurrer. The petition failed to set out a cause of action, and the court did not err in sustaining the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*