TRUST COMPANY OF GEORGIA, executor, *v.* SMITH *et al.*

No. 11058. APRIL 17, 1936.

*Crenshaw, Hansell & Gunby, J. O. Gibson,* and *John T. Coyle,* for plaintiff in error.

*R. A. Cooper* and *Hoyt H. Whelchel,* contra.

BECK, Presiding Justice. Louise Corbett Smith and others, legatees, cited the Trust Company of Georgia as executor of the will of R. J. Corbett, deceased, requiring the executor to make an accounting and settlement with the legatees under the will, and praying for recovery of damages against the executor, alleging in their petition to the court of ordinary that the executor made sales

of certain items of property at a lower price than the executor could have procured, and that the executor was negligent in handling the estate. The executor filed a plea to the jurisdiction, a plea in abatement, and a demurrer to the petition. By agreement an appeal to the superior court was entered, where the demurrer and the pleas were overruled. The will provided that the executor could use its discretion in the sale of the various properties in order to secure the best price available, and to this end might keep the estate intact for five years.

The case does not involve the construction of a will, and the Supreme Court is without jurisdiction to pass on the issues involved; but it is such a case as falls within the jurisdiction of the Court of Appeals. In *Reece* v. *McCrary*, 179 *Ga.* 812 (177 S. E. 741), this court held: "Under the constitution the Supreme Court has jurisdiction 'in all cases which involve . . the construction of wills,' but this provision does not confer jurisdiction upon the Supreme Court when the construction of a will is involved only as an incident to some other proceeding." In *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227), it was held in effect that only the representative of an estate may ask for direction of the court; and that no other person can seek construction of a will, except as a basis for some other relief. In such case the construction of the will would be only incidentally involved, and the nature of the alleged cause of action would be determined by the controlling purpose of the action and the character of the relief sought. Cf. *Clay* v. *Clay,* 149 *Ga.* 725 (101 S. E. 793) ; *Palmer* v. *Neely,* 162 *Ga.* 767 (5) (135 S. E. 90). As was said in *Reece* v. *McCrary,* supra, the "character of an action is to be determined by the nature of the allegations and prayers." Measured by this rule, the petition did not make a case involving the construction of a will, within the constitutional provision relating to the jurisdiction of this court.

*Transferred to the Court of Appeals. All the Justices concur, except Gilbert and Bell, JJ., disqualified.*