McDOWELL, executor, *v.* McDOWELL.

No. 13985.   MAY 28, 1942.

*Paul Blanchard* and *G. Y. Harrell,* for plaintiff in error.

*R. S. Wimberly,* contra.

BELL, Justice. The instant case originated in a court of ordinary, and went by appeal to a superior court. The petition as filed in the court of ordinary prayed for an accounting, and for revocation of letters testamentary, because of alleged waste, mismanagement, and misappropriation of assets. The defendant filed a demurrer, contending that the will created a trust estate, that the accounting sought was against an equitable trustee and not an executor, and therefore that the court of ordinary did not have jurisdiction of the proceeding. The superior court on appeal overruled the demurrer, and the defendant sued out a writ of error which was returned to the Supreme Court.

It is the duty of this court upon its own motion to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction; and the present case is one calling for such inquiry. *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857) ; *Dobbs* v. *Federal Deposit Insurance Corporation,* 187 *Ga.* 569, 570 (1 S. E. 2d, 672) ; *Tillman* v. *Groover,* 25 *Ga. App.* 118 (102 S. E. 879).

The constitution specifies the classes of cases of which the Supreme Court has jurisdiction, among them being "all equity cases," and all cases which involve "the construction of wills." Code, § 2-3005. There being clearly no other basis for jurisdiction in this court, the question is whether the case falls within either of the classes here mentioned.

Nor is the question affected by the fact that the case reached this court by writ of error from a superior court. In a case appealed from a court of ordinary, the superior court has no greater power than the court from which the appeal was taken, and can render no final judgment except such as the court of ordinary had jurisdiction to render. *Greer* v. *Burnam*, 69 *Ga.* 734; *Mulherin* v. *Kennedy*, 120 *Ga.* 1080 (6) (48 S. E. 437); *Field* v. *Brantley*, 139 *Ga.* 437, 439 (77 S. E. 559); *Casey* v. *Casey*, 151 *Ga.* 169, 172 (106 S. E. 119).

While a court of ordinary may apply equitable principles in settling accounts of administrators and executors (*Greer* v. *Burnam*, 69 *Ga.* 734 (*b*); *Brantley* v. *Greer*, 71 *Ga.* 11; *Trust Company of Georgia* v. *Smith*, 54 *Ga. App.* 518, 522, 188 S. E. 469), it is not a court of general equity jurisdiction; and therefore if the instant petition as originally filed in that court should be construed as one seeking an accounting against an equitable trustee as distinguished from an executor, it would *to that extent* be fatally defective as seeking relief beyond the jurisdiction of such court of ordinary. Code, § 108-117; *Maloy* v. *Maloy*, 134 *Ga.* 432 (2), 438 (68 S. E. 80).

Nor is it within the jurisdiction of a court of ordinary to construe a will where its terms and provisions are such as to require judicial construction. "The court of ordinary has general jurisdiction as to the probate of wills, and the administration of estates, That jurisdiction embraces the right to inquire as to whether a person leaving an estate died testate or intestate. It also includes the right to vacate a judgment declaring an intestacy upon the discovery of a will and the due probate thereof. It likewise extends to a vacation of a judgment probating a will obtained by fraud. The court of ordinary may inquire into whether a will has been made; but if the terms of that will are in doubt, a court of equity is the proper court wherein may be ascertained the meaning of the testator as expressed in the will." *Knowles* v. *Knowles*, 132 *Ga.* 806, 811 (65 S. E. 128). See *Drane* v. *Beall*, 21 *Ga.* 21; *Cook* v. *Weaver*, 77 *Ga.* 9 (2); *Coleman* v. *Hodges*, 166 *Ga.* 288 (142 S. E. 875).

It is thus seen that although a court of ordinary may apply clear provisions of a will in determining estate matters, it would have no jurisdiction of an *equity case*, or of a case involving *construction*

of a will. Compare *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374).

While it has been held that jurisdiction of the Supreme Court is not limited to good cases in equity but will embrace both good and bad equity cases (*O'Callaghan* v. *Bank of Eastman,* 180 *Ga.* 812, 817, 180 S. E. 847), and the same rule might be applied to an action seeking construction of a will, yet a petition in a court of ordinary or other court, for relief which for want of jurisdiction of the subject-matter the court is powerless either to grant or refuse, could not *as to such relief* be considered as a *case of any kind,* either good or bad, since to that extent it would be a complete nullity, as much so as if it were addressed to no court or tribunal whatever. *Edwards* v. *Ross,* 58 *Ga.* 147 (3); *Berry* v. *Travelers Insurance Co.,* 190 *Ga.* 772 (10 S. E. 2d, 753); *McLendon* v. *McLendon,* 192 *Ga.* 70 (14 S. E. 2d, 477), criticising *Tyson* v. *Tyson,* 176 *Ga.* 137 (167 S. E. 172). In other words, neither an equity case nor a case involving construction of a will could be originated in a court which has no jurisdiction of the subject-matter. For instance, a complaint for land filed in a court of a justice of the peace certainly could not be a case "respecting title to land," nor would a petition in a city court to dissolve a marriage constitute a divorce case within the meaning of the constitution (Code, § 2-3005). In these and similar situations, all that the court of origin could do would be to dismiss the proceeding for want of jurisdiction, and the jurisdiction of such court would be the only question that could ever arise on review. The provisions of the constitution classifying cases for the purpose of review manifestly have reference to the merits, and would not place any case within the jurisdiction of the Supreme Court, where nothing could ever be decided therein except that the trial court had no jurisdiction of the subject-matter. Accordingly, the instant writ of error can not be treated as presenting either an equity case or a case involving the construction of a will, within the provisions of the constitution, relating to jurisdiction of the Supreme Court. On the other hand, the question presented thereby, as to whether the petition should be construed as seeking relief beyond the jurisdiction of the court of ordinary, and other questions, if any, arising thereunder are of such nature as to fix jurisdiction in the Court of Appeals; and the case must be transferred to that court. Code, § 2-3009; *Adams* v. *Bishop,* 170 *Ga.* 238 (152 S. E. 108).

94

As to jurisdiction on review, where construction of a will is involved, but only incidentally so, see *Reece* v. *McCrary*, 179 *Ga.* 812 (177 S. E. 741) ; *Trust Company of Georgia* v. *Smith*, 182 *Ga.* 360 (185 S. E. 525) ; *Hicks* v. *Wadsworth*, 184 *Ga.* 681 (192 S. E. 729) ; *Furlow* v. *Sanders*, 189 *Ga.* 614 (7 S. E. 2d, 181).

*Transferred to the Court of Appeals. All the Justices concur.*