ROBERTS, executor, *et al. v.* WILSON; *et vice versa.*

Nos. 14939, 14941. September 9, 1944. Rehearing denied October 13, 1944.

430

432

*J. H. Paschall, J. G. B. Erwin,* and *H. W. Dent,* for plaintiffs in error. *Mitchell & Mitchell* and *Y. A. Henderson,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The Supreme Court has jurisdiction in all cases involving the construction of wills. Code, § 2-3005. But if the construction of a will is only incidently involved, this alone would not give this court jurisdiction. *Reece* v. *McCrary,* 179 *Ga.* 812 (177 S. E. 741); *Trust Company of Georgia* v. *Smith,* 182 *Ga.* 360 (185 S. E. 525); *Hicks* v. *Wadsworth,* 184 *Ga.* 681 (192 S. E. 729); *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602). In the instant case, after the executor advertised the automobile for sale, a claim was interposed in the court of ordinary, under the Code, § 113-1803, and was transmitted to the superior court as therein provided. An affidavit as a basis of a claim to personal property, under the Code, § 39-801, is amendable to the same extent as ordinary petitions. § 81-1203. After the claim had been transferred to the superior court, the legatee filed an amendment in the nature

of an ancillary petition, alleging that, in virtue of the provisions of the will, a copy of which was attached, she was entitled to the possession of the property comprising the estate, and that the executor refused to deliver the same to her. She invoked a construction of the will. Whether she was entitled to the possession, could only be determined by a construction of the terms of the will. In passing upon the demurrer of the executor, it became necessary to construe the will, and therefore this court has jurisdiction under the Code, § 2-3005. *Morrison* v. *McFarland,* 147 *Ga.* 465 (5) (94 S. E. 569); *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227); *Clay* v. *Clay,* 149 *Ga.* 725 (2) (101 S. E. 793).

■ The Code, § 113-805, provides: "An unconditional gift of the entire income of property, or interest accruing from a fund, shall be construed into a gift of the property or fund, unless the provisions of the will require a more limited meaning." Approaching a construction of this will in view of the foregoing Code section, we find that, by the use of the word "income," the legatee would have the right to the possession of the estate for life, unless from the terms of the will an intention of the testator to qualify, limit, or withhold its possession is denoted. A tenant for life shall be entitled to the full use and enjoyment of the property. Code, § 85-604. It is insisted by the executor that the testator limited the interest of Mrs. Malvia Wilson and Cecil Wilson to the income only, the executor to retain possession of the property and distribute the net income; and that such intention is manifested by having required a bond of the executor, and by providing "that the buildings and premises be kept in a good state of repair and to be paid for out of the income or proceeds from said estate, and remainder of said income or proceeds to be distributed as aforesaid;" also, by reason of the will having provided for a sale of the property by the executor after the death of both Mrs. Malvia Wilson and Cecil Wilson, and a distribution to certain designated remaindermen.

We do not concur in this interpretation. The fact that the testator required a bond of the executor would give slight if any credence to this construction. Ordinarily, an executor is not required to give bond (Code, § 113-1216); but where he makes specific provision therefor, it would not signify an intent to expand or enlarge the rights or duties of the executor. While the will provides that

the buildings and premises are to be kept in a good state of repair, which is to be paid for from the income or proceeds from the estate, yet there is no intimation that is to be done by the executor. This is nothing more than a provision for the upkeep and preservation of the property as a condition attached to receiving and enjoying the income therefrom. Nor is such contention confirmed by reason of the direction in the will that, at the death of the survivor of Mrs. Malvia Wilson and Cecil Wilson, the property is to be sold by the executor and the remainder distributed in fee to certain legatees. "A power of sale may lawfully reside in one who has no legal or equitable interest in the property which is to be the subject of a sale." *Coleman* v. *Cabaniss,* 121 *Ga.* 281 (48 S. E. 927). "Upon the assumption that the division is to be made by the executor, still the authority to divide . . is but a naked power uncoupled with an interest, and in the absence of a devise to the executor, or words of implication, he has no right to the possession and control of the estate intermediate the period for division." *Thomas* v. *Owens,* 131 *Ga.* 248, 258 (62 S. E. 218).

Looking at other parts of the will, we find provisions more indicative of an intent to give the possession to those enjoying the income rather than to the executor. In the last portion of item three, it is provided that the testator's wife "be permitted to occupy the home-place rent-free and without accounting to my sister if she so desires." It is to be noted that the wife was relieved from accounting to the sister, not to the executor. Also, in the fourth item of the will, in making provision for the disposition of the property after the death of the wife and sister, the interest conveyed to them is referred to as an estate, by the use of the expression, "after the estates provided for in item 3 hereof have terminated."

Aside from the particular expressions from which the intent of the testator may be gathered, and construing the will as a whole, we rule that the giving of the income to the wife and sister for life, in the absence of any devise of an interest to the executor, necessarily gave to them the right of possession. This ruling is controlled by the decision in *Thomas* v. *Owens,* supra, where, in a will very similar to the one now under consideration, the gift of the income was construed as including possession. The executor seeks to differentiate that case from the instant one because there

the executor was not required to sell and distribute the property at the death of the party receiving the income, as is provided in the will now under construction. This fact would not differentiate that case. Our Code makes provision for this situation. Section 85-709 provides: "The assent of the executor to a legacy to the tenant for life inures to the benefit of the remainderman. Remainderman, at the termination of the life estate, may take possession immediately. If, however, the will provides for a sale or other act to be done for the purpose of, or prior to, a division, the executor may recover possession for the purpose of executing the will." We find a reiteration of the above construction in *Armstrong Junior College Commission* v. *Livesey,* 189 *Ga.* 825, 828 (7 S. E. 2d, 678, 132 A. L. R. 1063), where it is stated: "The words 'life-estate,' 'estate' during spinsterhood, and 'remainder' are nowhere used in the will, but their absence does not affect the character of the estates created, if estates for life or spinsterhood and an estate in remainder result from the language used. While the giving clause refers only to 'income,' this is sufficient to carry an estate in the realty itself. Code, § 113-805." The court did not err in overruling the demurrer of the plaintiff in error.

█ The averments in the answer that the testator in his lifetime had adeemed or satisfied the legacy of the petitioner by executing and delivering to her a promissory note in the sum of $1000, which was accepted by her in satisfaction of her legacy under the will, and that the note had been paid by the executors, were allegations of fact, and were not subject to demurrer as being merely conclusions of the pleader. Accordingly, the trial judge did not err in overruling the demurrers interposed by the defendant in error as complained of in her cross-bill of exceptions.

█ The next question presented is whether the court erred in directing a verdict for Cecil Wilson. The executor in his answer averred that he had not turned over to the petitioner any proceeds of the estate because the testator in his lifetime had adeemed or satisfied the legacy in her favor by executing and delivering to her a promissory note in the sum of $1000, which she accepted in satisfaction of the legacy, and because the note, with interest thereon, had been paid by the executor. The note, the receipt therefor, and the cancelled check were introduced in evidence, and are set forth in detail in the above-stated facts. The note and receipt each

stated that it would become effective "when this note is paid," and the evidence showed the note was not paid until after the death of the testator. If Cecil Wilson, during the life of the testator, accepted the note which provided, "when this note is paid it is payment in full of all demands against me and [she] will not be entitled to share in any income of my property after my death," and gave a receipt therefor wherein it is stated, "when this note is paid I have received all that I am to receive out of his estate and am not to receive any of the income of his estate after his death as provided in his will as this is in place of it," and subsequently, after the death of the testator, collected this note in full from the executor, it would be unconscionable for her, after receiving full payment of the note, to enjoy at the same time the fruits of the estate. This will was executed on May 20, 1939; the receipt on July 10, 1939; the note on July 11, 1939; and the testator died on April 9, 1942. If this note was given and accepted with the intent to settle the interest of Cecil Wilson under the will of W. M. Wilson, which at that time had been executed and subsequently was probated, and after the death of the testator Cecil Wilson received payment of the note from the executor, the contract became executed, ratified, and settled. It is not necessary to classify or denominate in legal phraseology the exact definition of such a transaction; or to determine the rights of the executor and Cecil Wilson under the terms of such a contract if it was executory; or what would have been the effect of this conduct had the note been an unconditional contract in writing, rather than containing a condition to become effective "when this note is paid;" or the legal effect of the transaction had the note been paid during the lifetime of the testator. These questions are not here involved. The receipt makes reference to the will, and is dated one day before the date of the note. While the note makes no specific reference to the existence of a will, it is payable to Cecil Wilson and states, "when this note is paid it is payment in full of all demands against me and will not be entitled to share in any income of my property after my death."

█ The court erred in directing a verdict, because the evidence did not demand it. Code, § 110-104.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

ON MOTION FOR REHEARING.

The defendant in error insists that, both sides having made a motion to direct a verdict, neither party can complain that the court erred in directing a verdict. In support of this contention, *Mims* v. *Johnson*, 8 *Ga. App.* 850 (70 S. E. 139), and *Groover* v. *Savannah Bank & Trust Co.*, 60 *Ga. App.* 357 (3 S. E. 2d, 745), are cited. Each of those cases is based on a "consent" or an "agreement" that a verdict be directed. In the instant case, the attorney for the claimant moved for a directed verdict, and the attorney for the executor made a similar motion. The fact that, upon the trial, each party moves for the direction of a verdict in his favor does not, without more, amount to a consent by both parties that the case should be disposed of by the direction of a verdict for one side or the other. *Riley* v. *London Guaranty & Accident Co.*, 27 *Ga. App.* 686 (2) (109 S. E. 676)`; *Gross* v. *Butler*, 48 *Ga. App.* 750 (5) (173 S. E. 866); *Laurens Glass Works* v. *Childs*, 49 *Ga. App.* 590 (5) (176 S. E. 665); *Broadhurst* v. *Hill*, 137 *Ga.* 833, 841 (74 S. E. 422).