DARNELL *et al. v.* TATE *et al.*

No. 17413. SUBMITTED MARCH 12, 1951—DECIDED APRIL 10, 1951.

*Henderson & Burtz, Pickett & Pickett,* and *James H. Therrell,* for plaintiffs in error.

*Tye, Thomson & Tye, H. G. Vandiviere,* and *H. L. Buffington, Jr.,* contra.

CANDLER, Justice. (After stating the foregoing facts.) It is recited in the bill of exceptions that the Supreme Court has jurisdiction of the instant case, because it involves the construction of a will, and no question has been raised as to this court's jurisdiction of the writ of error; nevertheless, it is our duty to do so, with or without motion therefor, in all cases in which there may be any doubt as to the existence of such jurisdiction. *Dade County* v. *State of Georgia,* 201 *Ga.* 241 (1) (39 S. E. 2d, 473). By article 6, section 2, paragraph 4, of the Constitution of 1945, the Supreme Court has jurisdiction "in all cases which . . involve the construction of wills." Code (Ann. Supp.), § 2-3704. But this court has several times held that this provision of the Constitution does not confer jurisdiction on the Supreme Court in cases where the construction of a will is involved only as an incident to some other proceeding. *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227); *Reece* v. *McCrary,* 179 *Ga.* 812 (177 S. E. 741); *Trust Company of Georgia* v. *Smith,* 182 *Ga.* 360 (185 S. E. 525); *Hicks* v. *Wadsworth,* 184 *Ga.* 681 (192 S. E. 729); *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602); *Roberts* v. *Wilson,* 198 *Ga.* 428, 432 (1) (31 S. E. 2d, 707). In *Maneely* v. *Steele,* supra, it was held in effect that only the representative of an estate may ask for the direction of the court, and also that no other person can seek the construction of a will except as the basis for some other relief. The present proceeding was instituted in a court of law, and its main and controlling purpose was the selection of an executor to succeed one who was resigning because of ill health. In such a case, the construction of the testator's will would be only inci-

dentally involved, if at all, and the nature of the alleged cause would be determined by the controlling object for which the proceeding was instituted and the character of the relief sought. See *Clay* v. *Clay*, 149 *Ga.* 725 (101 S. E. 793); *Palmer* v. *Neely*, 162 *Ga.* 767 (5) (135 S. E. 90). Measured by this rule, the instant proceeding did not make a case involving the construction of a will, within the constitutional provision relating to the jurisdiction of this court. See *Burgess* v. *Ohio National Life Ins. Co.*, 177 *Ga.* 48 (169 S. E. 364), and citations. Furthermore, in *Darnell* v. *Tate*, 206 *Ga.* 576 (58 S. E. 2d, 160), which was a proceeding brought under our declaratory-judgment act, this court, concerning the will here involved, said: "The selection of a successor executor does not involve a construction of the will, and the item of the will providing for the manner of appointing a successor is plain and unambiguous, and within the jurisdiction of the court of ordinary. . . It is to be presumed that the ordinary will follow the correct method, and if he does, the plaintiff has an adequate remedy by appeal to the superior court." It follows from what has been said above that this court does not have jurisdiction of the writ of error.

*Transferred to the Court of Appeals. All the Justices concur.*